## Commonwealth v. Howden.

*Criminal law—Fornication and bastardy—Suspension of sentence—Parole.*

1. In case of an offense for which a term of imprisonment is fixed by law, the suspension of a sentence, or parole or the probation can continue no longer than till the expiration of the maximum term of imprisonment, after which the authority of the court over the defendant for that particular offense is at an end.

2. A suspended sentence is a parole or probation.

3. On a conviction of fornication and bastardy, no sentence of imprisonment can be imposed.

4. Where the court has suspended sentence after a conviction of fornication and bastardy, it cannot, twelve years thereafter, call up the defendant for sentence.

Hearing on bench warrant. Q. S. Snyder Co., June Sess., 1915, No. 1.

*E. E. Pawling* and *Wm. K. Miller*, District Attorney, for Commonwealth.

*Jay G. Weiser* and *A. F. Gilbert*, for defendant.

Commonwealth v. Howden.

POTTER, P. J., Aug. 20, 1927.—In the year 1915 this defendant was arrested on the charge of fornication and bastardy. On June 7th of that year he entered a plea of guilty, whereupon the then presiding judge suspended sentence. Nothing further was done in the case till June 6, 1927, when an application was made to us for the arrest of the defendant on a bench warrant, to the end that he might be sentenced, and, desiring to be fully informed as to the status of the case, we awarded the bench warrant, upon which he was brought before us.

Some testimony was taken tending to show that sentence was suspended providing the defendant would marry the prosecutrix, who was then Susan E. Wagner, but who has since married another man, within one year from that date. Whether that is true or not does not enter into the question now before us, which is, whether or not this defendant can be called into court at this late day for sentence.

In our opinion, the Act of June 19, 1911, P. L. 1055, and the construction of that act in the case of Com. ex rel. Wilhelm v. Morgan, 278 Pa. 395, entirely controls the question before us. This act is commonly known as the Probation or Parole Act, and provides for the release on probation or parole of certain convicts instead of the imposition of a sentence of fine or imprisonment, or both.

In case of parole or probation, the duration cannot be longer than for the maximum term of imprisonment, and a suspended sentence has, in the case hereinbefore cited, been held to be a parole or probation. And when, on June 7, 1915, sentence was suspended on this defendant, he was placed on probation or parole, which terms are synonymous, but for what length of time? None is mentioned.

On a conviction of fornication and bastardy, no sentence of imprisonment can be passed by the court. The defendant is usually sentenced to pay a weekly sum for the support of the child for a number of years; pay the lying-in expenses; pay a fine to be fixed by the court; enter into bond to the overseers of the poor of the district to prevent the child from becoming a public charge, and enter into bond for the faithful performance of the terms of the sentence, and it is only when the defendant does not comply with the sentence of the court that he goes to jail, from which he can be discharged under the insolvent laws at the expiration of three months in case he is insolvent, but he is not sentenced to a jail imprisonment. This comes, however, automatically if he does not comply with the terms of the sentence of the court imposed. It is not, however, fixed by law as a punishment. So that in this case no term of imprisonment can be considered. This defendant had none and none could be given him under this charge.

In case of an offense for which a term of imprisonment is fixed by law, the suspension of a sentence, or the parole, or the probation can continue no longer than till the expiration of the maximum term of imprisonment, after which the authority of the court over the defendant for that particular offense is at an end. Should he violate his parole, he can be brought into court and be sentenced, but this must be done during the term of the time of the maximum imprisonment. It cannot be done after that time has elapsed.

It is now twelve years since this case was disposed of by the then presiding judge. Under this act of assembly, as construed by the court of last resort in this State in the case hereinbefore cited, how can we at this late date pass

sentence on this defendant? To ask this question is to answer it. We simply cannot do it; wherefore we enter the following decree:

And now, to wit, Aug. 20, 1927, the bench warrant and all proceedings in this case are quashed.          From Charles P. Ulrich, Selinsgrove, Pa.