## ROSE v. DISTRICT COURT OF MILLARD COUNTY.

No. 4411.   Decided July 13, 1926.   (248 P. 486).

1. CRIMINAL LAW—WHERE COMPLAINT IN JUSTICE COURT WAS
   SHOWN PROPERLY VERIFIED, BUT UNSIGNED COPY ONLY WAS FILED
   ON APPEAL TO DISTRICT COURT, COURT HELD NOT WITHOUT JURIS-
   DICTION, IN ABSENCE OF OBJECTION BY ACCUSED. Where com-
   plaint in justice court was shown to have been properly verified
   by sheriff, but unsigned copy was transmitted upon appeal to
   district court, and counsel for accused went to trial without ob-
   jecting to sufficiency of complaint and failed to make such ob-
   jection during trial or on motion for new trial, court *held* not
   without jurisdiction.[1]

2. CRIMINAL LAW. Insufficiency of evidence to justify verdict of
   guilty in criminal prosecution cannot be considered in certiorari
   proceedings.[2]

3. CRIMINAL LAW. Failure to object to court's jurisdiction to pro-
   nounce judgment more than 10 days after verdict of guilty *held*
   to waive objection, notwithstanding Comp. Laws 1917, § 9041.

   STRAUP, J., dissenting.

Original certiorari by Virgil Rose for a review of the
proceedings of the District Court of Millard County; *Hon.
T. H. Burton,* Judge.

WRIT DENIED.

*C. D. McNeeley* and *O. A. Tangren,* both of Delta, for
plaintiff.

*G. Huner Lunt,* Dist. Atty., of Cedar City, for defendants.

GIDEON, C. J.

[1] *State* v. *Pay,* 45 Utah, 411, 146 P. 300, Ann. Cas. 1917E, 173.
[2] *Pincock* v. *Kimball,* 64 Utah, 4, 228 P. 221.
Corpus Juris-Cyc. References:
[1]   Criminal Law 16 C. J. p. 385 n. 8.
[2]   Criminal Law 17 C. J. p. 205 n. 18.
[3]   Criminal Law 17 C. J. p. 68 n. 31.

Certiorari to review proceedings of the district court of Millard county, Utah, Hon. T. H. Burton, judge, in a criminal prosecution wherein plaintiff, Virgil Rose, was defendant and the state of Utah was plaintiff.

It is alleged in the petition that the court was without jurisdiction to hear the evidence and pronounce judgment in that action on the following grounds, namely: That no verified complaint was filed charging plaintiff, defendant there, with a public offense; that a jury was impaneled and defendant tried without pleading to the accusation contained in the purported complaint; that the court lost jurisdiction by reason of the fact that judgment was not pronounced against defendant within ten days after verdict of jury.

In response to the writ issued the defendant judge has filed with the clerk of this court all the original files in the criminal action, a certified copy of all minute entries made by the district court with reference to said prosecution and judgment, and, lastly, a full transcript of all the evidence taken and proceedings had at the trial in the district court.

Petitioner in his brief says that:

He "bases his contention upon the propositions: (a) That the said court and judge were without jurisdiction to try the petitioner upon charges alleged in the purported complaint because there was no signed or verified complaint before the court. (b) That said court and judge were without jurisdiction to try this petitioner in said action because petitioner was not permitted to plead to the charges preferred against him. (c) That the said court and judge erred in said action by refusing to dismiss said action after the state had rested because of the insufficiency of the evidence to justify a verdict of guilty. (d) That said court and judge were without jurisdiction to render judgment at any time after ten days had elapsed after verdict."

We shall consider these objections in the order named.

It appears from the record that Rose was convicted of a misdemeanor in a justice court on June 8, 1925; that on

June 9, 1925, an appeal was taken to the district court of Millard county. From the minute entries which are attached to the return to the writ issued by this court it appears that on October 25, 1925, in the district court, Rose entered a plea of not guilty to the crime charged in the complaint. One or two continuances were had. The case finally came on for hearing on February 1, 1926. Testimony was taken and the jury, on February 2, 1926, returned a verdict of guilty. On the same day, upon motion of counsel for Rose, the court granted defendant five days' time within which to file a motion for new trial, and fixed defendant's bail at the sum of $500. On February 15th the motion for new trial was overruled, and on February 16th the court passed judgment committing defendant to the county jail of Millard county for a term of six months. Thereafter petition was filed in this court seeking review of the district court's proceedings.

It appears from the record that at the date the case was called for hearing, to wit, February 1, 1926, a jury was impaneled, and the court, upon reading the complaint to the jury, ascertained that the complaint in the files had not been signed by any one. At that time the court remarked: "I find that the complaint in the files is not signed." Some discussion was had and an examination of the files made. Counsel for Rose said: "I think we can go on with the jury." The county attorney then said that he was sure that the original complaint was signed and was of opinion that the justice had erroneously sent to the district court a copy instead of the original. Counsel for Rose replied: "There has been no other complaint than this, but we will go ahead with it." It was then observed by the county attorney that the justice who tried the case was present in court.

Upon the court's suggestion the justice was sworn. He testified in effect that the transcript of the docket sent to the district court was prepared by him; that it was his signature to the transcript; that the transcript recited that

there was a complaint filed in his office signed by the sheriff of Millard county, Mr. Black. The justice further testified that he personally administered an oath to the sheriff and knew that the original complaint filed in his office was signed by the sheriff and verified by him. He stated that he assumed that he had sent to the district court a copy, and that the original was among the files in his office. He stated that there were two or three copies of the complaint made, and that the original complaint had Sheriff Black's signature on it. The court then remarked: "I think that showing is sufficient." Counsel for Rose thereupon said: "Exception." The case proceeded, and no further reference or objection was made to the fact that the complaint then in the files in the district court was a copy only and not the original.

At the close of the state's testimony counsel for Rose interposed a motion for a directed verdict. That motion was based upon the ground that the state had not connected defendant with the alleged offense. No reference was made in that motion to the fact that the original verified complaint was not then among the files in the district court. The record also shows that thereafter the original complaint signed by the sheriff and verified by him was filed in the district court. It appears, therefore, without dispute, that a verified complaint was filed with the justice and a warrant issued upon that complaint thus verified, and. that the justice by mistake sent to the district court a copy of the original complaint. It likewise appears that Rose went to trial without making any objection to the fact that the original complaint was not then among the files in the district court. The language used by counsel can mean nothing else than an agreement to go forward with the trial with full knowledge that the original complaint was not then a part of the files in the district court. Counsel said: "There has been no other complaint than this, but we will go ahead with it."

Counsel for petitioner relies upon the provisions of the

statute and the language of this court in *State* v. *Pay*, 45 Utah, 411, 146 P. 300, Ann. Cas. 1917E, 173, as follows, quoting from page 420 of 45 Utah (146 P. 304) :

"We thus start out with the proposition that under our procedure a criminal prosecution must be initiated by filing a complaint in writing which must be verified by the complainant."

In this case it affirmatively appears that the prosecution was initiated by a verified complaint. The language in 45 Utah is not therefore applicable to the situation here. If there had been no complaint filed in the justice court, then, admittedly, under the statute, as construed in State v. Pay, supra, the contention of plaintiff in this proceeding ought to and would prevail. Conceding, without deciding, that the defendant at the time the action was called for trial could have successfully objected to any further proceedings by the court, he, by going to trial without objection, cannot now successfully interpose that as a defense against executing the judgment. It would indeed be trifling with the court to now permit the defendant to interpose the fact that a copy of the complaint only was in the district court at the time of the trial and at the time of the rendition of the verdict by the jury. If the complaint had been lost a copy could have been substituted. 16 C. J. 297. The testimony is conclusive that there was a complaint verified as required by statute in existence; that that complaint thus verified was the basis of the institution of the criminal proceeding. The court admittedly had jurisdiction of the subject-matter. The justice before whom the prosecution was instituted acquired jurisdiction of the defendant by reason of the arrest under the warrant and by reason of the plea of the defendant to the charge made in the complaint. The appeal taken by the defendant transferred jurisdiction of the subject-matter and of the person of the defendant to the district court. The defendant appeared in the district court and without raising any objection to the sufficiency of the complaint interposed a plea of not guilty.

Certiorari

"Everywhere jurisdiction of the person of the defendant may be
acquired by consent of the accused or by waiver of objections.  If he
fail to make his objection in time, he will be deemed to have waived
it.  He cannot, for instance, raise such a question for the first time
in the appellate court."  8 R. C. L. p. 96.

This contention or claim must therefore be denied.

The second objection, that the court was without jurisdic-
tion by reason of the fact that the defendant was not per-
mitted to plead to the charge laid against him, is without
merit, because the record affirmatively shows that both in
the justice court and in the district court he pleaded to the
charge preferred against him.

The third contention, contained in subdivision (c), that
the court erred in refusing to dismiss the action after the
state had rested, because of insufficiency of evidence
to justify a verdict of guilty, cannot be considered in
certiorari proceedings.  In certiorari proceedings the
court will not look into the record to determine or ascertain
the lack of evidence to support the trial court's judgment.
*Pincock* v. *Kimball,* 64 Utah, 4, 228 P. 221.

The last subdivision of plaintiff's contention is that the
court was without jurisdiction to render judgment at any
time after ten days had elapsed after verdict.  The verdict
was returned  February 2, 1926.  Judgment was pro-
nounced February 16, 1926.  Motion for new trial was
interposed and denied February 15, 1926.  Reliance is had
upon Comp. Laws Utah 1917, § 9041.  It is therein provided
that after verdict, if the judgment is not arrested or a new
trial granted, the court must appoint a time for pro-
nouncing judgment, which must be at least two days
and not more than ten days after verdict.  It does
not appear from the record that defendant, petitioner here,
objected to the court pronouncing judgment by reason of
more than ten days having elapsed after the rendition of
the verdict by the jury, and did not in any way at the time
of pronouncing judgment enter an objection that the court

was without jurisdiction. On the contrary, it appears from the minute entry of the court that on the date judgment was pronounced the court inquired of the defendant "if he had any legal reason why judgment of the court should not be pronounced against him; he answered that he had none."

Section 9041 was taken from the California Code of Criminal Procedure. The California courts have uniformly held that failure to object by reason of delay in pronouncing judgment is a waiver of the right to object. In the course of the opinion in *People* v. *Barton*, 88 Cal. at page 177, 25 P. 1117, the court says:

"The first point made for a reversal of the judgment is, that the time appointed for pronouncing it was not at least two days after verdict, and is therefore in violation of section 1191 of the Penal Code. The defendant seems to have made no objection at any time to this action of the trial court, and under the decision of the appellate court in *People* v. *Mess*, 65 Cal. 174 [3 P. 670], the point made is without merit."

See, also, *Hansford* v. *Commonwealth*, 170 Ky. 700, 186 S. W. 498.

We are of the opinion, and so hold, that the trial court was not without jurisdiction to hear the case against defendant; that it was not without jurisdiction to pronounce judgment on the date judgment was pronounced. It necessarily follows that the prayer of plaintiff for a writ annulling the judgment of the district court must be denied.

It is so ordered.

Costs to be taxed against plaintiff.

THURMAN, FRICK, and CHERRY, JJ., concur.

STRAUP, J. I dissent. The petitioner here was convicted in a justice court of a misdemeanor, having intoxicating liquor in his possession. He took an appeal to the

district court. The complaint certified up and transmitted to the district court, upon which the petitioner was tried and convicted before the justice, was unsigned, unverified, and not filed in the justice court. It bears a filing mark only of the clerk of the district court, so marked by him when he received the transcript from the justice. When the case was called for trial in the district court the court observed that the complaint was unsigned by any one. Upon counsel for the prosecution stating that there was an original signed complaint before the justice but that the justice evidently had sent up only a copy, and counsel for the defendant stating that there was no other complaint except the unsigned complaint but was willing to go ahead with it, and the justice being present in court, the court suggested that he be called as a witness, which was done. The justice testified in substance that a complaint signed and verified by the sheriff was filed in his court, and that he thought he had transmitted it to the district court, but if he had not done so it was in his office. The court thereupon stated that such showing was sufficient, to which ruling the defendant took an exception. No request was made and no direction given that the original complaint or a copy thereof showing that the complaint was signed, verified, and filed in the justice court be transmitted to the district court. The case proceeded to trial and judgment on the unsigned and unverified complaint so transmitted by the justice to the district court. The verdict was rendered February 2, 1926, finding "the defendant guilty as charged in the complaint," the unsigned complaint.

On February 8, 1926, he filed a motion for a new trial, and for arrest of judgment, upon the ground, among others, "that no complaint required by law was on file or produced at the trial." Thereafter, on February 13, 1926, there was filed with the clerk of the district court a complaint purporting to be signed and verified by the sheriff, but who delivered it to the clerk, or who requested him to file it, or how it came to the clerk's office, is not made to appear.

It merely bears the filing mark of the clerk of the district court of date February 13, 1926, eleven days after the petitioner was tried and convicted in the district court, but it does not bear any filing mark in the justice court, and on its face does not appear to have been filed in that court. It is not with nor among the files or records of the justice transmitted by him to the district court, and counsel for both parties assert that they had no knowledge how or by whom it was lodged in the clerk's office, or who requested it to be filed. But it is beyond all doubt that the petitioner was not tried or convicted on that complaint, it having been lodged in the clerk's office eleven days after his conviction, and that he was tried and convicted on the unsigned, unverified, and unfiled complaint transmitted by the justice to the district court.

The testimony of the justice did not help the matter. His record may not be aided in such manner. The district court was required to take the record as transmitted and certified to it, and the record could not be contradicted or supported by evidence dehors the record. *Griffiths* v. *District Court*, 35 Utah, 443, 100 P. 1064; *Higgs* v. *Burton*, 58 Utah, 99, 197 P. 728. These cases but follow the familiar maxim that what ought to be of record must be proved by record and by the right record. If the original complaint or a completed copy thereof was not transmitted by the justice to the district court, he could and ought to have been required to do so before the trial in the district court began and before any proceedings were had therein. To permit the justice or any one by testimony to supply what ought to be of record and piece it out is to break down fundamentals of the law and to establish a practice frought with mischief. The complaint lodged in the clerk's office eleven days after conviction, not certified to or transmitted to the district court by the justice nor identified by any one, and lodged there by some unknown person, is a mere stranger and an intruder. The petitioner, not having been tried and convicted on that complaint but on an unsigned and unverified

complaint, was tried and convicted on no complaint, for an unsigned and unverified complaint is nothing. It is said the district court had jurisdiction of the subject-matter. I do not think so. It takes a pleading of some sort to invoke or confer jurisdiction. It is fundamental that pleadings are the juridical means of investing a court with jurisdiction of the subject-matter to adjudicate it. Pleadings must exist and describe a real existing matter of which the court, according to its organization and purposes, may take jurisdiction. They are essential for res adjudicata. Without them there is no res and no adjudication. Without them the court has nothing, tries nothing, and adjudges nothing. In 16 C. J. 176, the author says:

"Jurisdiction to try and punish for a crime cannot be acquired otherwise than in the mode prescribed by law, and if it is not so acquired any judgment is a nullity. A formal accusation is essential for every trial for crime, without it the court acquires no jurisdiction to proceed, even with the consent of the parties, and where the law requires a particular form of accusation, that form of accusation is essential. Jurisdiction to try offenses is ordinarily acquired by an indictment, or in some jurisdictions by an information and where the indictment or information is invalid the court is without jurisdiction. Jurisdiction is in some cases, under statutes, acquired by mere complaint or affidavit, or by appeal from a conviction in a lower court.

"Jurisdiction to take cognizance of an offense or to render a particular judgment cannot be conferred upon a court by the consent of the accused, either express or inferential. * * *"

The same doctrine is stated in 22 Cyc. 171:

"There can be no conviction or punishment for a crime without a formal and sufficient accusation. In the absence thereof a court acquires no jurisdiction whatever, and if it assumes jurisdiction, a trial and conviction are a nullity."

At page 173 it further is stated that jurisdiction cannot be conferred by consent, waiver, or estoppel on the part of the accused, or by stipulation on the part of his counsel. Cases are cited in support of these texts from many differ-

ent jurisdictions. These authorities and the cases teach that one may by consent or waiver confer jurisdiction of person but not of subject-matter. That is an immutable element. Hence of no importance is it that counsel for petitioner stated that he was willing to go ahead on the unsigned, unverified, and unfiled complaint transmitted by the justice to the district court. To initiate a criminal action before a justice the statute (section 8680, Comp. Laws Utah 1917), requires the filing of a complaint, prescribing what it shall contain, and providing that "the complaint must be subscribed and sworn to by the complainant." With respect thereto this court, in *State* v. *Pay,* 45 Utah, 411, 146 P. 300, Ann. Cas. 1917E, 173, said that:

"We thus start out with the proposition that under our procedure a criminal prosecution must be initiated by filing a complaint in writing which must be verified by the complainant."

Since the district court could judicially know only the unsigned, unverified, and unfiled complaint transmitted by the justice to the district court, and since such a complaint did not confer jurisdiction on the justitce, none was conferred on the district court. I thus think the judgment a nullity and that it should be vacated.