Commonwealth ex rel. Carter, Appellant, *v.* Ashe.

Argued November 24, 1950. Before HIRT, RENO, DITHRICH, ROSS, ARNOLD and GUNTHER, JJ. (RHODES, P. J., absent).

*T. C. Jones,* for appellant.

*Wm. C. Porter,* First Assistant District Attorney, with him *Frank J. Docktor,* District Attorney, for appellee.

PER CURIAM, January 12, 1951:

On January 13, 1950, relator pleaded guilty in the Court of Oyer and Terminer of Washington County to bill of indictment No. 2, February Term, 1950, drawn under the Act of April 15, 1907, P. L. 62, as amended, 19 PS §241, charging relator with burglary. After the taking of testimony the court deferred the imposition of sentence until after the trial of relator's accomplice. Following that trial the court, on February 20, 1950, sentenced relator to the Western State Penitentiary for a minimum term of not less than three years and a maximum term of not more than ten years.

Relator filed his petition for writ of habeas corpus in the Court of Common Pleas of Allegheny County on April 26, 1950. Rule to show cause was issued and a hearing thereon fixed for May 3, 1950. At that time the petition was dismissed and the writ was refused, and relator was remanded to the Western State Penitentiary.

The ground upon which the writ was sought in the court below was the delay in imposition of sentence from January 13, 1950, to February 20, 1950.

On this appeal relator contends that, as the trial court failed to comply with the provision of the Act of April 15, 1907, P. L. 62, as amended by the Act of June 15, 1939, P. L. 400, §1, 19 PS §241, that the court upon the entry of the plea of guilty shall "forthwith" impose sentence for the offense set forth in the indictment, the sentence imposed upon relator is illegal and void.

Upon the entry of the plea on January 13, 1950, relator was represented by counsel who spoke in his behalf and cross-examined certain witnesses who appeared for the Commonwealth. No objection was made or exception taken to the deferment of sentence. Relator's argument that the word "forthwith" required the immediate imposition of sentence is without merit. No court is obliged to impose sentence upon a defendant without an opportunity to consider the sentence to be imposed and without consideration of the circumstances of the case. The principal advantage of a plea or trial on an indictment under the Act of 1907, as amended, has been largely eliminated by the Act of May 28, 1937, P. L. 1036, 19 PS §894 et seq. After conviction, a court, as the circumstances may require, may suspend or defer sentence or remand a defendant to be held for sentence at a future time. The court has this inherent power whether the plea is to a bill of indictment found by the grand jury, a plea to a bill of indictment drawn under the Act of 1907, as amended, or after conviction by a jury. See *Com. v. Downer,* 161 Pa. Superior Ct. 339, 342, 53 A. 2d 897; *Com. ex rel. Michelotti v. Ashe,* 359 Pa. 542, 543, 59 A. 2d 891. Moreover, the Act of 1907, as amended, provides "That the defendant may withdraw his plea of guilty, at any time before sentence, by leave of the court." Relator made no such application.

The order of the court below is affirmed.