## Commonwealth *v.* Giovengo, Appellant.

Argued November 14, 1958. Before RHODES, P. J., HIRT, GUNTHER, WRIGHT, ERVIN, and WATKINS, JJ. (WOODSIDE, J., absent).

222

*Marjorie Hanson Matson,* for appellant.

*George C. Eppinger,* District Attorney, for appellee.

OPINION BY ERVIN, J., December 9, 1958:

Appellant was arrested on March 27, 1955 in Franklin County and charged with two acts of burglary and larceny. On April 11, 1955 he waived presentment and entered pleas of guilty. Sentence was deferred and the appellant was turned over to the Allegheny County authorities to answer for similar crimes in that county. At the time he entered his pleas of guilty in Franklin County he was represented by William C. Hazlett, Esquire, now deceased. Following the entry of guilty pleas in Allegheny County the appellant was sentenced to the Western State Penitentiary for a term of not less than 5 nor more than 20 years, which sentence he is still serving. Detainers were lodged with the penitentiary to insure appellant's return to Franklin County at the termination of the Allegheny County sentence. On July 27, 1956 appellant filed by mail a petition for a rule to show cause why he should not either be sentenced on the Franklin County indictments or the prosecutions dismissed, alleging failure of the court to sentence him within a reasonable time after the entry of his plea of guilty. On August 30, 1956 the rule was discharged. In February 1957 appellant applied to the Supreme Court of Pennsylvania for a writ of mandamus requesting the Court to order dismissal of the Franklin County charges by reason of the delay in sentencing. The Supreme Court entered an order denying the petition as not stating a case for the issuance of a writ of mandamus: No. 2113 Misc. Docket, Western District. On September 26, 1957 appellant filed a second petition in the Franklin

County court requesting that the indictments be dismissed. On November 7, 1957 an order was filed dismissing the petition. He attempted to appeal from said order to the Superior Court but his petition to appeal in forma pauperis was denied, without payment of a filing fee. The Supreme Court denied an allocatur: see No. 2147 Misc. Docket, Western District. An application for a writ of certiorari was made to the Supreme Court of the United States but denied on March 10, 1958: see No. 416 Misc. 1957. On March 14, 1958 another petition was presented by the appellant to the Franklin County court, on which date an order was made fixing March 21, 1958 as the time for sentence. On March 21, 1958 the appellant was brought before the Franklin County court and two sentences were imposed on the separate burglary and larceny indictments of not less than two nor more than four years in the Western State Penitentiary, to run concurrently and to begin at the expiration of the Allegheny County sentences which appellant was then serving. The appellant appealed to this Court.

Appellant contends that the delay of two years, eleven months and ten days in sentencing after the entry of his pleas of guilty deprives him of his right to a speedy trial and due process of law as guaranteed by art. I, §9 of the Pennsylvania Constitution and the Fourteenth Amendment to the United States Constitution. In *Com. ex rel. Wilhelm v. Morgan*, 278 Pa. 395, 397, 123 A. 337, our Supreme Court said: "The right to temporarily defer sentence, while the court seeks information or the defendant applies for pardon or for other sufficient reason, is universally recognized. The practice of an indefinite suspension of sentence has also long been in vogue in this and some other states, although in a majority of jurisdictions such right is denied, on the ground that an indefinite sus-

pension of sentence amounts to a pardon, which only the executive can grant: 8 R.C.L. 248. Where such practice is recognized the right to later impose sentence remains with the trial court, and the time of its exercise is a matter for judicial discretion; manifestly, however, it would be an abuse thereof to impose sentence after a great delay. Hence, under any view of the law, sentence must be imposed, if ever, within a reasonable time after conviction." In the same opinion the Court also said: "In our opinion every suspension of sentence since the effective date of the Act of 1911 is subject to its provisions, without regard to the form of the order. In any event, sentence can be suspended only for a reasonable time, which, in conformity with the statute, we hold cannot extend beyond the maximum term of imprisonment, excluding therefrom time spent on motion for new trial, appeal, etc."

In *Com. v. Fox*, 69 Pa. Superior Ct. 456, the defendant, on December 6, 1916, plead guilty to the charge of keeping a bawdyhouse in violation of §43 of the Act of 1860, P. L. 382. Pursuant to the provisions of the 1911 act the court suspended sentence and placed the defendant on probation for a year. On January 14, 1918 the defendant was brought in for a violation of the terms of her probation and was on that date sentenced to nine months in the Philadelphia County prison. In that case we said, at pages 458, 459: "The courts have always had power to hold convicts for sentence as long as may be deemed necessary and advantageous to the ends of justice and in the meantime they may receive information in addition to that disclosed on the trial with respect to what should be an appropriate sentence: Com. v. Mayloy, 57 Pa. 291. They now have statutory authority to suspend sentence for a limited period and thereafter to wholly discharge the defendant if the good conduct of the latter warrants

such action. . . . We find nothing in the statute nor in the purpose to be accomplished in its enactment which requires us to hold that sentence may not be imposed after the period of probation if the fact be that the defendant has violated the conditions implied in the probation."

In *Com. ex rel. Holly v. Ashe*, 368 Pa. 211, 82 A. 2d 244, Mr. Justice JONES, now Chief Justice, at page 219, said: "The suggestion that the constitutional right of an accused to a speedy trial requires that he be sentenced timely is, of course, true. . . . For any unnecessary delay in the sentencing of an incarcerated defendant, a petition for habeas corpus is the efficient means for correcting the abuse."

In *Com. v. Meyer*, 169 Pa. Superior Ct. 40, 82 A. 2d 298, sentence was suspended and the defendant placed on probation. No time limit was placed on the probation period. A sentence to imprisonment over one year later was held proper. The Court stated: "The period of probation under the Act cannot exceed the maximum for which a defendant might have been imprisoned. . . ."

Appellant has cited a number of cases from other states which hold that an indefinite suspension of sentencing is illegal. In the present case we do not consider that the court indefinitely suspended the imposition of sentence. The action of the court below implied that sentence was deferred only for the time necessary for the disposition of the prosecutions in Allegheny County. A detainer was lodged at the penitentiary so that the prisoner would be immediately returned to Franklin County after having completed the Allegheny County sentences. There were many good reasons which could have prompted the Franklin County court to defer sentence. Undoubtedly the Franklin County judge, before sentencing, would want to know

how much time the prisoner had actually spent in jail on the Allegheny County sentences. The mere fact that a sentence of not less than 5 nor more than 20 years had been imposed would not definitely answer this question. The court of Allegheny County might have recalled the defendant at a later date and might have cut down the sentence. The Pardon Board might have reduced the minimum sentence and thereafter a parole might have been granted by the Parole Board. Undoubtedly the Franklin County judge wanted to know before the imposition of sentence whether imprisonment had rehabilitated the prisoner or whether imprisonment had had an adverse effect upon him. In modern prisons, trained experts are employed for the purpose of studying prisoners and for the purpose of teaching them honest means to earn a living. Much is accomplished with some individuals and little with others. If the Franklin County sentence was deferred an opportunity would be presented to the judge to study the prisoner's record made during the period of his confinement. If he had a good record and had been rehabilitated, there would be no need to impose a further sentence upon him. If, on the other hand, the record indicated that the prisoner had not benefited but had further degenerated and that to release him into society would again endanger others, a further sentence might be imposed. The prisoner himself might very well be the beneficiary of a system which defers sentencing until the completion of the term of a prior imprisonment. It should be remembered that one of the main purposes sought to be accomplished by imprisonment is to improve the habits of the prisoner and not merely to punish him for his offenses. If a prior period of imprisonment accomplished proper results, it would not be necessary to impose a further imprisonment. On the other hand, if the prior im-

prisonment had not accomplished the desired results, further imprisonment might be deemed necessary. Such a system not only helps the prisoner but it also works a great benefit to society as a whole.

We conclude that in Pennsylvania a sentence may be suspended[1] or deferred for a period of time equal to the maximum term for which the defendant might have been sentenced, provided proper reasons are present to justify the delay.

Appellant also contends that the Act of April 15, 1907, P. L. 62, as amended, 19 PS §241, which provides that a sentence on a guilty plea shall be imposed forthwith, was violated. The word "forthwith" does not require the immediate imposition of sentence: *Com. ex rel. Carter v. Ashe,* 168 Pa. Superior Ct. 214, 216, 77 A. 2d 457. It is our opinion that the word "forthwith" as used in the act is directory and not mandatory. Courts in other jurisdictions have reached a similar conclusion: *State v. Anderson,* 12 N. J. 461, 97 A. 2d 404; *Rose v. District Court,* 67 Utah 526, 248 P. 486. As long as sentence is pronounced within a reasonable time, it is a valid sentence. What is a reasonable time must be determined after consideration of all of the circumstances in a particular case.

---

[1] A suspension of sentence is not a sentence: *Com. v. Hall,* 173 Pa. Superior Ct. 285, 98 A. 2d 386; *Com. v. Kimmel,* 172 Pa. Superior Ct. 76, 92 A. 2d 247. It is in the nature of an interlocutory judgment but not a final judgment: *Com. ex rel. Paige v. Smith,* 130 Pa. Superior Ct. 536, 198 A. 812.

It may be appropriate to note here that *Com. ex rel. Holly v. Ashe,* 368 Pa. 211, 82 A. 2d 244, cited by appellant, pertains only to those cases where there has been a mere delay in sentencing and not to those where the court has formally deferred or suspended sentence. In any event, the *Ashe* case determined that sentencing at a term of court, subsequent to the term when the convict was convicted, is proper.

We are not impressed by the argument that the sentence is invalid because appellant was not effectively assisted by counsel at the time of sentencing. The court did appoint counsel for the appellant at that time and the record is barren of any facts indicating that counsel did not properly represent him. The sentence was either valid or invalid and counsel could not change this fact. The court below had jurisdiction to impose sentence and sentence was imposed, under all the facts and circumstances of this case, at a proper time. It is interesting to note that nowhere does the appellant deny that he committed the crimes for which he was sentenced.

Appellant also argues that he should have been given credit for the time spent in Franklin County jail from the date of his original arrest to the date when he was turned over to the Allegheny County authorities. This argument is answered by the Act of May 28, 1937, P. L. 1036, 19 PS §894, which provides: ". . . unless the person sentenced shall then be undergoing imprisonment under a sentence imposed for any other offense or offenses, in which case the said sentence shall begin to run and be computed, either from the date of imposition thereof or from the expiration of such other sentence or sentences, as the court shall, in its discretion, direct." In the present case the court below expressly directed that the sentence should begin at the expiration of the sentences which the appellant was then serving.

Judgment of sentence affirmed.

---

DISSENTING OPINION BY WRIGHT, J.:

Justice delayed is justice denied. Article I, Section 9 of the Constitution of our Commonwealth guar-

antees to all accused persons "a speedy public trial". Under this provision a timely sentence is required: *Commonwealth ex rel. Holly v. Ashe,* 368 Pa. 211, 82 A. 2d 244. Appellant entered pleas of guilty on April 11, 1955. On July 27, 1956 he petitioned the lower court for a rule to show cause why he should not be sentenced or the prosecutions dismissed. This rule should have been made absolute. Cf. *Rouzer Petition,* 71 D. & C. 44. It was not until after appellant had, on March 18, 1958, filed a petition in the United States District Court that he was the following day removed from the penitentiary to Franklin County. Sentences were imposed on March 21, 1958, a delay of almost three years. Assuming arguendo that the original deferment was not improper, in view of appellant's repeated efforts thereafter to have sentences imposed it was clear error to so long deny his constitutional right. I feel very strongly that three years is an unreasonable period of time under the circumstances of this case. I would therefore vacate the sentences.