## Commonwealth ex rel. Pitts v. Myers

*Charles Pitts*, relator, p. p.

*James C. Crumlish*, District Attorney, for Commonwealth.

GRIFFITHS, J., May 12, 1961—Relator, while serving a term of 11 to 23 months in the Delaware County Prison, was released to authorities in Philadelphia County, to be tried on bill of indictment no. 180, August sessions, 1958, charging larceny. He was convicted on this charge and, on December 17, 1958, was sentenced to a term of not less than two years nor more than five years in the Eastern Correctional Diagnostic and Classification Center, effective from the date of sentence, and immediately returned to the Delaware County Prison to complete his term there.

He was paroled from Delaware County Prison on October 7, 1959, and transferred on that date to the State institution.

The question presented by this petition for a writ of habeas corpus is whether the two to five-year sentence should begin the date it was imposed, as directed by the judge, or the date the State institution received him.

It is obvious he could not actually begin serving in the State institution until he arrived there, and one might, therefore, conclude his State sentence could

not begin until he was released by the county authorities. The matter, however, requires closer scrutiny of the applicable law to the facts presented.

The Act of May 28, 1937, P. L. 1036, sec. 1, 19 PS §894, provides as follows:

"From and after the passage of this act, all sentences for criminal offenses of persons who at the time sentence is imposed are held in custody in default of bail, or otherwise, shall begin to run and be computed from the date of commitment for the offense for which said sentence shall be imposed, unless the person sentenced shall then be undergoing imprisonment under a sentence imposed for any other offense or offenses, in which case the said sentence shall begin to run and be computed, *either from the date of imposition thereof* or from the expiration of such other sentence or sentences, as the court shall, in its discretion, direct." (Italics supplied).

It is thus apparent that the act gives the sentencing judge the discretion of imposing sentence either from the date he imposes it or from the expiration of any other sentence defendant may then be serving: Commonwealth v. Giovengo, 188 Pa. Superior Ct. 220 (1959), cert. denied, 361 U. S. 843.

As a matter of fact, the third section of the same act imposes a duty on the judge to state in the sentence the date of commitment, where the sentence is to an institution other than the one in which defendant is presently confined. This was the case here, and the sentencing judge complied with the act.

Without the statutory provision, a sentence begins to run from the date it is imposed: Commonwealth ex rel. Lerner v. Smith, 151 Pa. Superior Ct. 265 (1943). Here, however, this position is strengthened by the statutory provision in section 1 of the above-referred-to act, that it may run from the date of imposition, in the judge's discretion. And the judge here decided it

should so run. The inherent power of a court to fix the time when a sentence shall begin, cannot be taken from it except by express and unequivocal statutory enactment: Commonwealth ex rel. Scasserra v. Johnston, 69 Dauph. 31 (1957). Here, the statute, rather than taking such power away, expressly gave it to the sentencing judge.

In the Scasserra case it was held the judge could properly sentence to a State prison to begin at the expiration of a sentence defendant was then serving in a county prison in another county. The reverse is equally clear, that the judge could have made his sentence to begin immediately under the act, as did the judge in the case at bar.

While it is true the judge imposed commencement of the sentence from the date of imposition, defendant was actually under involuntary restraint and unable to commence his sentence on that date. Cf. Commonwealth v. Wright, 97 Pitts. L. J. 301 (1950). There was nothing this defendant could have done to comply with this sentence at the time. He cannot be further incarcerated for failure to serve time, compliance with which he was prevented by lawful authorities.

Succinctly stated, the power of the judge to impose sentence, commencing immediately or at the expiration of defendant's then present sentence, cannot be disputed. The judge, in his discretion, commenced the sentence forthwith. Defendant should be given credit for his actual imprisonment in Delaware County, subsequent to December 17, 1958, the date he was sentenced in Philadelphia County.

Wherefore, we enter the following order

*Order*

1. It is ordered and directed that the sentence, of not less than two nor more than five years, of Charles Pitts which he is now serving at the Eastern Correc-

tional Diagnostic and Classification Center, under bill of indictment no. 180, August sessions, 1958, charging larceny, be computed from December 17, 1958.

2. It is directed that the matter of the release on parole of defendant be submitted forthwith to the Pennsylvania Board of Parole.