408 A.2d 481

**COMMONWEALTH of Pennsylvania**

v.

**Robert P. MOORE, Appellant.**

Superior Court of Pennsylvania.

Submitted June 12, 1978.

Filed Aug. 3, 1979.

Roy H. Davis, Assistant Public Defender, Media, for appellant.

Frank T. Hazel, District Attorney, Media, for Commonwealth, appellee.

Before JACOBS, President Judge, and HOFFMAN, CERCONE, PRICE, VAN der VOORT, SPAETH and HESTER, JJ.

CERCONE, President Judge:

The instant appeal arises from appellant's sentencing on indecent exposure and aggravated assault in Delaware County. Appellant claims that the delay of two years between his guilty pleas on these charges and his sentencing rendered his sentence illegal. We disagree and will affirm.

The crimes for which appellant was sentenced occurred on May 18, 1975 when appellant followed a young woman after she left a bar. When the victim approached a secluded spot, appellant attacked her, forced her to remove her dungarees, and exposed himself. Appellant then struck the victim over the head with a board having exposed nails, the blow resulting in the victim's hospitalization.

Subsequently arrested for these crimes, on September 24, 1975, appellant pleaded guilty to indecent exposure and aggravated assault. The court thereafter committed appellant to Haverford State Hospital for a presentence, psychiatric evaluation. In the meantime Philadelphia lodged a detainer against appellant because of his probation on two charges of deviate sexual intercourse, so that on his release from Haverford he was delivered into the custody of Philadelphia authorities. The Philadelphia court revoked appellant's probation and sentenced him to three to ten years in prison, whereupon appellant was sent to Camp Hill.

On May 14, 1976, the Delaware County Court of Common Pleas, apparently laboring under the misapprehension that

appellant was free, mailed notice of his sentencing hearing for indecent exposure and aggravated assault to his home. When appellant did not appear, a bench warrant for his arrest issued. On July 14, 1977, however, Delaware County discovered appellant was serving a sentence in Camp Hill on the Philadelphia charges and lodged a detainer. On September 15, 1977, nearly two years after his guilty pleas, appellant was returned to Delaware County and sentenced to serve a one to two year prison term consecutive to the term he was serving at Camp Hill on the Philadelphia charges. At this sentencing hearing appellant raised the question of sentencing delay for the first time.

 At the outset, the six months appellant spent in Haverford State Hospital for presentence, psychiatric evaluation must be excluded, for this delay finds statutory justification. 50 P.S. § 4410(a) (1969), in effect at all relevant times in this case, provides:

"Whenever any person is adjudged guilty of a crime punishable by sentence to a penal or correctional institution, the trial court may defer sentence and order an examination of the defendant for mental disability to guide it in determining his disposition. Such action may be taken on the court's initiative, or on the application of the district attorney, the defendant, or his counsel or other person acting in his interest."

Therefore, in the instant case we confront an unprescribed sentencing delay of approximately eighteen months, rather than two years. Furthermore, because Delaware County moved expeditiously when it discovered appellant's whereabouts at Camp Hill, at most only fourteen months of delay can be attributed to the administrative confusion which resulted in appellant's being temporarily "lost" in the criminal justice system.

Recently in *Commonwealth v. Rutherford*, 252 Pa.Super. 348, 381 A.2d 952 (1977), we refused to vitiate a sentence which the court meted out more than two years and seven months after the denial of post-verdict motions. Indeed, *Rutherford* and the instant case differ only to the extent

that *Rutherford* presented a stronger case for finding prejudicial delay. The cases upon which appellant relies, *Commonwealth v. Stewart*, 221 Pa.Super. 1, 289 A.2d 126 (1971) and *Giovengo v. Maroney*, 194 F.Supp. 154 (W.D.Pa.1961), are so factually distinct from the instant case as to offer little guidance. *Stewart* involved a delay of approximately eleven years between guilty pleas and sentencing; and, while *Giovengo v. Maroney* involved a delay of three years, in that case the defendant repeatedly asked to be sentenced, but to no avail. When the question of the propriety of a delay in sentencing is raised, the resolution of that question must turn on the particular facts of the case. *Commonwealth ex rel. Konchick v. Ceraul*, 197 Pa.Super. 171, 176, 177 A.2d 125 (1962). Because this case presents an even better basis for affirmance than *Commonwealth v. Rutherford*, supra, we will affirm. See also *Barker v. Wingo*, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972). As in *Pollard v. United States*, 352 U.S. 354, 361, 77 S.Ct. 481, 1 L.Ed.2d 393 (1956), the delay in sentencing was neither purposeful nor oppressive, and was promptly remedied upon discovery.

Judgment of sentence affirmed.

SPAETH, J., concurs in the result.

JACOBS, former President Judge, did not participate in the consideration or decision of this case.