## Commonwealth v. Hamilton

*Daniel J. McDevitt, Assistant District Attorney,* for the Commonwealth.
*Robert Sullivan, Jr.,* for defendant.

GATES, *P.J.,* April 19, 1983—On September 5, 1974, defendant was arrested and charged with violating Act 64 for unlawfully delivering or selling 172.8 grams of marijuana in violation of Section 13(a), Paragraph 30 of the Controlled Substance Laws of Pennsylvania.[1]

On February 24, 1975, a grand jury approved the indictment and defendant was brought to trial by a jury and convicted on March 12, 1975.

On March 18, 1975, a motion in arrest of judgment was filed. The next docket entry discloses that on November 30, 1977 an order was entered dis-

---

1. Act of 1972, April 14, P.L. 233, §13, as last amended, December 4, 1980, P.L. 1093, §2 (35 P.S. §780-113).

missing the post verdict motions for failure to comply with local court rules. Defendant was ordered to appear for sentencing on April 18, 1977.

On June 19, 1977, defendant filed an application to reinstate the post verdict motions and the application was granted. However, on December 3, 1980 the post verdict motions were dismissed, a presentence investigation report ordered to be prepared and, upon its completion, the case was to be scheduled for sentencing.

Pursuant to Leb.Co.Crim.Rule 8 mandated by Pa.R.J.A. 1901(c) the matter was listed for termination due to the lack of activity. At the general call of the inactive case list on September 28, 1982 the case was continued and directed to be listed for sentencing.

The case was listed for sentencing on October 19, 1982 and a bench warrant was issued because defendant failed to appear. However, on October 22, 1982 the bench warrant was withdrawn, the case was continued and an updated presentence report ordered.

On December 3, 1982, defendant filed an application to dismiss the charges for failure to timely impose sentence. A rule to show cause was issued and on March 25, 1983 we held a hearing on the application for dismissal. After the hearing we took the matter under advisement and ordered counsel to submit briefs within ten days. We now have the benefit of the briefs and the matter is ripe for our determination.

In Commonwealth v. Pounds, 490 Pa. 621, 417 A. 2d 597 (1980), our Supreme Court noted that the question of whether the Sixth Amendment right to a speedy trial extends to sentencing, has not been settled. However, the court assumed that such a right exists. As early as 1951, in Commonwealth ex rel. Holly v. Ashe, 368 Pa. 211, 219, 82 A. 2d 244,

248 (1951), the Supreme Court noted: " . . . The suggestion that the constitutional right of an accused to a speedy trial requires that he be sentenced timely is, of course, true . . . . " As a matter of fact the United States Supreme Court has failed to squarely decide whether sentencing is included within the Sixth Amendment right to a speedy trial. See Pollard v. U.S., 352 U.S. 354, 77 S.Ct. 481, 1 L.Ed. 2d 393 (1957). Nevertheless, the Supreme Court of the United States in Pollard and our Supreme Court in Pounds, supra., assumed arguendo that sentencing is part of trial for purposes of a defendant's right to a speedy trial.

We note that Pa.R.Crim.P. 1100, is inapplicable because it addresses only the issue of when a trial shall commence.

Furthermore, we cannot find an answer in Pa.R.Crim.P. 1123, in that it merely requires a prompt disposition of post verdict motions.

In Pounds, supra., it was held that whether a delay in sentencing amounts to an unconstitutional deprivation of a speedy trial right depends upon the circumstances. The principal factors to be considered in determining whether a delay in sentencing has deprived a defendant of his right to a speedy trial are length of delay, reason for the delay, assertion of the right, and resulting prejudice to interests protected by the right to a speedy trial.

In the present case, the jury returned its verdict on March 12, 1975, eight years have gone by, and defendant has not been sentenced. The case was listed for sentencing on October 19, 1982 but the present application has delayed the sentencing since that date. We note that more than seven and one-half years passed by before the 1982 sentencing date, and this period of delay extends beyond

the maximum term of imprisonment for the offense for which defendant was convicted.[2]

Under the circumstances presented in this case we deem it incumbent upon the Commonwealth to come forward and explain the delay. The Commonwealth has failed to do so. The evidence shows that defendant has lived at 114 Old Ebenezer Road in Lebanon at least since the summer of 1979. Prior thereto, she lived in Honeybrook, Pa., and the probation office was aware of that address. The Commonwealth's only offered excuse was that they did not receive a copy of the December 3, 1980 memorandum and order directing the case be scheduled for sentencing. There were no demonstrated efforts on the part of the Commonwealth to locate defendant or to inquire as to the disposition of the post verdict motions. We can only assume that the case would still be buried somewhere had the matter not been called to the attention of the Commonwealth at the general call of the inactive case list on September 28, 1982.

Our review of the circumstances surrounding the delay in sentencing defendant convinces us that it would be oppressive and in violation of defendant's right to a speedy trial. Thus we conclude that defendant's application for dismissal should be granted.

## ORDER

And now, April 19, 1983, after hearing defendant's application is granted and the charges are dismissed.

---

2. Act No. 64 provides for a five (5) year maximum sentence for selling or delivering marijuana. Therefore, we would conclude that sentencing at this later date would be prima facie invalid. Cf. Commonwealth ex rel. Wilhelm v. Morgan, 278 Pa. 395, 123 A. 337 (1924); Commonwealth v. Giovengo, 188 Pa. Super. 220, 146 A. 2d 629 (1958); Commonwealth v. Rutherford, 252 Pa. Super. 348, 381 A. 2d 952 (1977).