## Commonwealth v. Seiders

*Matthew R. Gover, assistant district attorney,* for the commonwealth.
*Lacy Hayes Jr.,* for defendant.

DOWLING, *J.,* November 18, 1987—William Gladstone, the greatest British statesman of the 19th century, was an ardent advocate of home rule for Ireland, and in describing the shame of England's conduct toward the Emerald Isle is reported to have coined the adage, "Justice delayed is justice denied." It is an appropriate maxim for introducing this little chapter in the administration of our criminal justice system.

Way back on April 18, 1973, when Richard Nixon was in the White House, Notre Dame was national champion, and Bobby Fisher ruled the chess world, defendant entered and the court accepted a plea of guilty to a charge of receiving stolen property. Now more than 14 years later, Mr. Seiders has yet to hear sentence pronounced against him.

Javert did not pursue Jean Valjean longer, nor Ahab Moby Dick. Interestingly enough, this is the same period of time that Edmund Dantes spent in the dungeon of the Chateau d If. Persons sentenced to life imprisonment have been pardoned in this time. When I accepted Mr. Seiders' plea, I was a

beardless neophyte on the bench with all sorts of aspirations,[1] and Larry, a young man of 20 years. Now he is married; two children have blessed the union; and he has been gainfully employed these many years; while I am bearded, blunted, and perhaps a little burned out.[2]

When the plea was entered, the court deferred sentencing pending the preparation of a state presentence investigation. The district attorney avers, and it is taken as true, that a certified letter was sent to defendant on February 11, 1974, informing him that sentencing was to take place on February 26, 1974, but that the letter was returned unclaimed. Because defendant failed to appear for sentencing, a capias was issued for his arrest. The docket reveals that no further action was taken on this case until October 22, 1987, when defendant filed the present motion to dismiss criminal charge.

The basis for the motion is the case of *Commonwealth ex rel. Wilhelm v. Morgan,* 278 Pa. 395, 123 Atl. 337 (1924) and its progeny, which hold that, "sentence can be suspended only for a reasonable time which, in conformity with the statute, we hold cannot extend beyond the maximum term of imprisonment, excluding therefrom time spent on motion for new trial, appeal, etc." Id. at 398-399. The commonwealth, in opposition to the motion, relies on *Commonwealth v. Moore,* 268 Pa. Super. 313, 408 A.2d 481 (1979), which held that a two-year delay between guilty plea and sentencing did not violate defendant's right to a speedy trial.

---

1. "I remember my youth and the feeling that will never come back again — the feeling that I could have lived forever outlasting the sea, the earth and all." Joseph Conrad.

2. Yet as the great poet Septimus John has said, "This lusty winter has yet much sap in it."

At the risk of being pedantic, the court deems it appropriate to begin by clarifying some apparent confusion over the use of the words "deferred" and "suspended" with respect to sentencing practice. See *Commonwealth v. Giovengo,* 188 Pa. Super. 220, 227, fn. 1, 146 A.2d 629 (1958). In the former procedure, there has been no sentence pronounced, the sentencing proceeding has simply been postponed until a later date. In the latter case, the court has formally pronounced sentence, but has imposed a definite term of probation rather than confinement. The line of cases starting with *Wilhelm,* supra, upon which defendant relies, are not directly on point. In each of those cases, the trial court imposed a suspended sentence, and then later, after the time prescribed for a maximum sentence had expired, the court attempted, for one reason or another, to impose a prison term for the same offense the court had earlier suspended sentence. In addition to a fear that such a practice would in effect establish a "different system of parole, without bounds or limitations and without uniformity, but wholly dependent in its operation in each individual case upon the discretion of the sitting judge," the court held that the practice violated the Act of June 19, 1911,[3] P.L. 1055. Id. at 400; (quoting *People ex rel. Boenert v. Barrett,* 202 Ill. 287, 63 L.R.A. 82, 87.) *Wilhelm* is distinguishable in two respects: one, it was decided in confirmity with a statute no longer in force; and two, defendant in that case had been sentenced whereas Mr. Seiders has not. Nevertheless, its reasoning is instructive.

---

3. P.L. 1055 allowed for suspended sentences of probation, provided that such probation was no longer than the maximum term for which defendant might have been imprisoned.

The *Moore* case, while legally on point inasmuch as it discusses the constitutionality of pre-sentence delay, is so factually distinct from the instant case as to be of little value to the commonwealth. *Moore* involved a delay of only two years; six months of which was attributable to the preparation of a psychiatric pre-sentence evaluation. Moreover, it was not until Moore's sentencing hearing that he raised the issue of delay for the first time.

Challenges to the constitutionality of pre-sentence delay usually proceed under the Sixth Amendment right to a speedy trial, or alternatively under the due process clause of the Fourteenth Amendment. However, neither our appellate courts nor the United States Supreme Court has expressly held that speedy trial rights subsume sentencing. Rather, those courts assumed, arguendo, that speedy trial rights apply to sentencing and then disposed of the claims on their merits pursuant to the four-prong test enunciated in *Barker v. Wingo,* 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972). See *Pollard v. U.S.,* 352 U.S. 354, 77 S.Ct. 481, 1 L.Ed.2d 393 (1957); *Commonwealth v. Glover,* 500 Pa. 524, 458 A.2d 935 (1983); *Commonwealth v. Pounds,* 490 Pa. 621, 417 A.2d 597 (1980); *Commonwealth v. Button,* 332 Pa. Super. 239, 481 A.2d 342 (1984); *Commonwealth v. Hamilton,* 26 D.&C.3d 495 (1983). In all of the aforementioned cases except *Hamilton,* the court found it unnecessary to decide the issue because the claims, on their merits, did not warrant relief.

In *Hamilton,* supra, the court was faced with an application to dismiss criminal charges based on a seven and one-half year delay between verdict and sentencing. There, defendant was convicted of unlawful delivery of marijuana (35 P.S. §780-113) which provides for a five-year maximum sentence.

The court, citing *Wilhem,* supra, and two other Superior Court cases, concluded that because more than five years had passed since verdict, sentencing would be prima facie invalid. Id. at 498 (footnote 2). The court then held that it was incumbent upon the commonwealth to explain the delay, and, since it failed to do so, defendant's application was granted on speedy trial grounds.

The problem with *Hamilton* is the quantum leap it took in holding that speedy trial rights apply to sentencing without a discussion of whether it was indeed intended to apply. To begin with, the amendment only states, in part, that "[I]n all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial. . . ." U.S. Const. Amend. VI (emphasis added). A strict construction of the amendment would obviously lead one to conclude that it does not apply. However, it could be argued that since sentencing is so inextricably intertwined with, and is often the only contested issue in a criminal prosecution, the amendment should apply. Nevertheless, the court is reluctant to, and will not decide a question of such constitutional magnitude, particularly when our courts and the United States Supreme Court have expressly refused to do so.

Despite this ruling, we conclude that defendant's rights under the due process clause of the Fourteenth Amendment have been violated. The same factors that apply to a speedy trial claim apply to a due process claim based on delays in proceedings. *Pounds,* supra at 630-631, footnote 11, 417 A.2d at 601. The court must balance "the length of the delay with the reason for the delay, defendant's timely assertion of his right to a speedy trial, and any resulting prejudice to the interests protected by the right to a speedy trial." *Glover,* supra at 528, 458 A.2d at 937; citing *Barker.*

A 14-year delay is certainly sufficient to "trigger further inquiry." *Pounds,* supra. Moreover, although the record is unclear as to the value of the property received, the most defendant could have received for the offense is seven years. 18 Pa.C.S. §3903; 18 Pa.C.S. §106(b)(4). Thus sentencing at this date is prima facie invalid. *Hamilton,* supra. Although defendant has not made repeated requests that he be sentenced, he did petition the court for a dismissal of the charge. Moreover, as the court in *Hamilton* stated it was "incumbent on the commonwealth to come forward and explain the delay." Id. at 498. The Commonwealth obviously failed to serve the capias that the court issued on February 26, 1974. Most important is the prejudice to defendant's interests that could occur with a sentence imposed over 14 years after the violation. He is now married, and lives in York County with his wife and two young children. The anxiety and concern associated with a pending sentencing is significant and the efficacy of imposing a sentence so long after the violation is at best doubtful. Swift and sure punishment is one of the hallmarks of any properly conducted criminal justice system.

So, in the words of Ireland's greatest scourge, Lord Cromwell, "Let us be done with you, in the name of God, go!"

Accordingly, we enter the following

## ORDER

And now, this November 18, 1987, after consideration of defendant's motion to dismiss and the commonwealth's memorandum in opposition, it is hereby ordered that the charge of receiving stolen property, 18 Pa.C.S. §4817, is dismissed.