## Commonwealth *v.* Fox, Appellant.

*Criminal law—Probation—Suspension of sentence—Act of June 19, 1911, P. L. 1055.*

Where a court, acting under the provisions of the Act of June 19, 1911, P. L. 1055, suspends the imposing of a sentence in a criminal prosecution, and places the defendant on probation for a year, the probation is not a substitute for a sentence, and if the defendant violates the terms of the probation he may be arrested, and a prison sentence imposed upon him after the expiration of the year.

In such a case it is not obligatory on the court in inquiring into the conduct of the defendant while on probation to proceed according to the forms of law observed at the trial, nor is the evidence to be received by the court limited to that which may 'come through the channel of a regular examination in court. It is the judgment of the court which is to be informed.

Argued March 13, 1918. Appeal, No. 54, Oct. T., 1918, by defendant, from judgment of Municipal Court, Aug. T., 1916, No. 121, sentencing the defendant in case of Commonwealth v. Lillie Fox. Before ORLADY, P. J., PORTER, HENDERSON, HEAD, KEPHART, TREXLER and WILLIAMS, JJ. Affirmed.

Motion for sentence. Before GORMAN, J.
The opinion of the Superior Court states the case.

*Error assigned* was in sentencing the defendant.

*Henry M. Stevenson,* for appellant.—The suspension of a sentence, in the absence of any terms or conditions might be indefinite and without limitation as to time, but after sentence is suspended and a probation imposed after a fixed period of time the suspension of the sentence and the probation run together, one ending with the other: Com. v. Dunleavy, 16 Pa. Superior Ct. 380; Wright v. Donaldson, 158 Pa. 88; Com. ex rel. Nuber v.

Keeper of Workhouse, 6 Pa. Superior Ct. 420; Beale v. Com., 25 Pa. 11; Com. v. Mayloy, 57 Pa. 291; Com. v. Hamel, 44 Pa. Superior Ct. 464.

*Charles Edwin Fox,* Assistant District Attorney, with him *Samuel P. Rotan,* District Attorney, for appellee.— Probation is not a sentence, but rather the avoidance thereof: Com. v. Ferraro, 21 Dist. Rep. 909.

The termination of probation does not, of itself, preclude a subsequent sentencing: Com. v. Mayloy, 57 Pa. 291.

The act under which the appellant was convicted provides a sentence, consisting of a fine and imprisonment, or both; probation is not included as a part of such sentence: Com. v. Hamel, 44 Pa. Superior Ct. 464; Com. v. Dunleavy, 16 Pa. Superior Ct. 380.

OPINION BY HENDERSON, J., April 22, 1918:

On December 6, 1916, the defendant pleaded guilty to the charge of keeping a bawdyhouse in violation of Section 43 of the Act of 1860, P. L. 382. Pursuant to the provisions of the first section of the Act of June 19, 1911, P. L. 1055, the court suspended the imposing of the sentence and placed the defendant on probation for a year. January 14, 1918, on information received that the defendant had violated the terms of her probation the court issued a bench warrant on which she was arrested and on January 18, 1918, a sentence of nine months in the Philadelphia County prison was imposed. This appeal was taken from that sentence. The appellant contends that the probation was a substitute for a sentence; that the suspension of sentence exhausted the authority of the court, it not appearing that any complaint had been made against the defendant as to her deportment, during the probationary period. One of the purposes of the Act of 1911 as declared in the title is to authorize "the release on probation of certain convicts instead of imposing sentence, etc."; and the first section empowers

the court to suspend the imposing of the sentence and place the defendant on probation for a definite period "where the court believes that the character of the defendant and circumstances of the case are such that he or she is not likely again to engage in an offensive course of conduct and the public good does not demand or require that the defendant should suffer the penalty imposed by the law." In the fourth section it is provided that "whenever a person placed on probation as aforesaid shall violate the terms of his or her probation he or she shall be subject to arrest in the same manner as in the case of an escaped convict; and shall be brought before the court which released him or her on probation which court may thereupon pronounce upon such defendant such sentence as may be prescribed by law, to begin at such time as the court may direct." The fifth section directs that "whenever it is the judgment of the court that a person on probation has satisfactorily met the conditions of his or her probation the court shall discharge such defendant and cause a record thereof to be made." Reading the first, fourth and fifth sections together we think it apparent that it was not the intention of the legislature to make the order of probation a sentence or to make it a substitute for a sentence. It is rather legislation enacted with the benevolent object of giving the class of convicts described in the act an opportunity for reformation without the stigma of a sentence in a criminal court and in aid of this object to permit the court to hold back temporarily the judgment which would otherwise follow the conviction, with authority to the court if satisfied that the conditions of probation have been observed to discharge the defendant finally. The courts have always had power to hold convicts for sentence as long as may be deemed necessary and advantageous to the ends of justice and in the meantime they may receive information in addition to that disclosed on the trial with respect to what should be an appropriate sentence: Com. v. Mayloy, 57 Pa. 291. They now have

statutory authority to suspend sentence for a limited period and thereafter to wholly discharge the defendant if the good conduct of the latter warrants such action.

The title of the act shows that the order of probation is not a sentence. It delays the sentence and may result in the release of the defendant at the end of the probationary period but until the conduct of the defendant has been such as to harmonize with the conditions of probation the sentence is in abeyance. And on failure to perform the conditions the defendant may be sentenced as provided in the act under which the indictment was drawn. It is not obligatory on the court in inquiring into the conduct of the defendant while on probation to proceed according to the forms of law observed at the trial nor is the evidence to be received by the court limited to that which may come through the channel of a regular examination in court. It is the judgment of the court which is to be informed. It is only when the person on probation has satisfactorily met the conditions of his probation that the court is required to discharge him. We find nothing in the statute nor in the purpose to be accomplished in its enactment which requires us to hold that sentence may not be imposed after the period of probation if the fact be that the defendant has violated the conditions implied in the probation. Nothing on the record justifies the belief that the court did not act on full and satisfactory evidence that the appellant had not conducted herself in accordance with those conditions. The sentence imposed followed the provisions of the Act of 1860 and there is nothing in the Act of 1911 which provides for a different sentence. We are unable to agree, therefore, with the learned counsel for the appellant that the authority of the court was exceeded in imposing the sentence appealed from.

The judgment is affirmed, and it is ordered that the defendant appear in the court below at such time as she may be there called and that she be by that court com-

mitted until she has complied with that part of the sentence which had not been performed at the time this appeal was made a supersedeas.