# Com. ex rel. Wilhelm *v.* Morgan.

*Habeas corpus—Improper sentence — Sentence four years after conviction—Deferred sentence—Probation—Acts of June 19, 1911, P. L. 1055, and March 21, 1806, 4 Sm. L. 326.*

1. Habeas corpus is the proper remedy, where the relator is in confinement under a void or illegal sentence.

2. The supposed common law right of an indefinite suspension of sentence in criminal cases was superseded by the Act of June 19, 1911, P. L. 1055, which provides a general system of suspension of sentence and probation, not exceeding the maximum term for which the defendant might have been sentenced, and thereby limits the time for the imposition of sentence to such maximum term, whether or not the defendant be formally placed on parole.

2. The Act of March 21, 1806, 4 Sm. L. 326, applies and thereunder the statutory method must be followed.

4. Hence, a sentence of imprisonment imposed on a defendant over four years after his conviction of an assault and battery is on its face illegal and he will be discharged therefrom on habeas corpus.

Argued October 1, 1923. Petition by William Wilhelm, for writ of habeas corpus, Supreme Court, No. 207, Misc. Docket, page 4. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ. Relator discharged.

*Calvin F. Smith,* for relator.—We do not find a reported case in any jurisdiction, where the court, in a light misdemeanor case, after it had suspended sentence, recalled defendant more than four years later and imposed the maximum sentence of imprisonment.

To allow such a power (indefinitely to suspend the imposition of sentence) would place the criminal at the caprice of the judge. If the judge can delay the sentence one year, he could delay it for fifteen years, or any length of time: People v. Barrett, (Ill.), 67 N. E. 24; Ex parte U. S., Petitioner, 242 U. S. 26.

The writ of habeas corpus can be effectively invoked here where the record shows no crime committed, or the passing of an illegal sentence: Halderman's Petition, 276 Pa. 1.

*M. A. Kilker,* with him *A. D. Knittle, M. H. Spicker,* Assistant District Attorney, and *C. M. Palmer,* District Attorney, for respondent.—A court may suspend judgment on criminal cases in toto until another term: Com. v. Mayloy, 57 Pa. 91.

There is an abundance of authority in Pennsylvania where convicts have been illegally sentenced, and many years after the imposition of sentence, on habeas corpus proceedings before the appellate courts, the record was sent back for resentence in accordance with law: Com. ex rel. v. McKenty, 80 Pa. Superior Ct. 249; Com. ex rel. v. Francies, 58 Pa. Superior Ct. 273; Halderman's Petition, 276 Pa. 1.

OPINION BY MR. JUSTICE WALLING, January 7, 1924:

In March, 1919, William Wilhelm, the relator, was convicted of assault and battery, in the court of quarter sessions of Schuylkill County. Thereupon the record shows that: "March 24th, 1919, the court sentenced the defendant, William Wilhelm, to pay the costs of prosecution (sentence deferred)." No further action was taken until June 20, 1923, when the defendant was brought before the court on a capias and, after a hearing, sentenced to pay the costs and "undergo punishment in the Schuylkill County prison for and during the term of one year to commence and be computed from this date." To test the legality of the latter sentence, Wilhelm petitioned this court for the writ of habeas corpus we are now considering. Such writ is a proper remedy where the relator is in confinement under a void or illegal sentence: Halderman's Petition, 276 Pa. 1; and see Com. ex rel. Torrey v. Ketner, 92 Pa. 372; Ex Parte Lange, 18 Wallace 163.

It is relator's contention that the court had no power to impose the sentence complained of, over four years after his conviction. The right to temporarily defer sentence, while the court seeks information or the defendant applies for pardon or for other sufficient reason, is universally recognized. The practice of an indefinite suspension of sentence has also long been in vogue in this and some other states, although in a majority of jurisdictions such right is denied, on the ground that an indefinite suspension of sentence amounts to a pardon, which only the executive can grant: 8 R. C. L. 248. Where such practice is recognized the right to later impose sentence remains with the trial court, and the time of its exercise is a matter for judicial discretion; manifestly, however, it would be an abuse thereof to impose sentence after a great delay. Hence, under any view of the law, sentence must be imposed, if ever, within a reasonable time after conviction.

In view of the decision in Ex Parte United States, Petitioner, 242 U. S. 27, the right to indefinitely defer or suspend sentence, in the absence of statutory authority, is at least doubtful; and see Ex Parte Singer, 284 Fed. 60. Happily, in Pennsylvania there is no cause for such doubt as the Act of June 19, 1911, P. L. 1055, provides, *inter alia* (section 1):

"Whenever any person shall be convicted in any court of this Commonwealth of any crime, except murder, administering poison, kidnapping, incest, sodomy, buggery, rape, assault and battery with intent to ravish, arson, robbery, or burglary, and it does not appear to the said court that the defendant has ever before been imprisoned for crime, either in this State or elsewhere, ......and where the said court believes that the character of the defendant and the circumstances of the case such that he or she is not likely again to engage in an offensive course of conduct, and that the public good does not demand or require that the defendant should suffer the penalty imposed by law, the said court shall have power to suspend

the imposing of the sentence, and place the defendant on probation for a definite period, on such terms and conditions as it may deem right and proper, said terms and conditions to be duly entered of record as a part of the judgment of the court in such case.

(Sec. 4). "Whenever a person placed on probation, as aforesaid, shall violate the terms of his or her probation, he or she shall be subject to arrest in the same manner as in the case of an escaped convict; and shall be brought before the court which released him or her on probation, which court may thereupon pronounce upon such defendant such sentence as may be prescribed by law, to begin at such time as the court may direct.

(Sec. 5). "Whenever it is the judgment of the court that a person on probation has satisfactorily met the conditions of his or her probation, the court shall discharge such defendant and cause record thereof to be made: Provided, That the length of such period of probation shall not be more than the maximum term for which the defendant might have been imprisoned."

This act expressly authorizes what the courts, in the main, had previously assumed to do, for every indefinite suspension of sentence, during good behavior, whether ordered before or since the passage of the act, in effect placed the defendant on probation. Since that is now limited to the maximum term for which he might have been sentenced, it follows that a suspended sentence in connection therewith cannot extend beyond that time. Where, as here, the statute provides for a suspended sentence, in connection with placing the defendant on probation, the trial court cannot extend the former by failing to set forth the terms of the latter. In our opinion every suspension of sentence since the effective date of the Act of 1911 is subject to its provisions, without regard to the form of the order. In any event, sentence can be suspended only for a reasonable time, which, in conformity with the statute, we hold cannot extend be-

yond the maximum term of imprisonment, excluding
therefrom time spent on motion for new trial, appeal, etc.

The statute provides a general system of probation
and suspension of sentence, hence, it supersedes the
alleged common law right in that field, for, "In all cases
where a remedy. is provided, or duty enjoined, or any-
thing directed to be done by any act or acts of assembly
of this Commonwealth, the directions of the said acts
shall be strictly pursued; and no penalty shall be in-
flicted or anything done agreebly to the provisions of the
common law in such cases, further than shall be neces-
sary for carrying such act or acts into effect": Act of
March 21, 1806, 1 Purdon (13th ed.) p. 271, reënacted
by section 183 of the Penal Code of 1860; therefore the
statutory method for the suspension of sentence controls.
While the Act of 1911 does not expressly say the sus-
pended sentence shall be coextensive with the probation-
ary period, such is its clear import, for at the end of the
period, the defendant, having, in the judgment of the
court, met the conditions of his probation, must be dis-
charged; he cannot thereafter be sentenced: 15 C. J. 1291,
and see note in 3 A. L. R. 1003. True, for violation of
the terms of the probation, the defendant may be brought
in and sentenced, but of course, such violation must
occur during the probationary period. In Com. v. Fox,
69 Pa. Superior Ct. 456, the sentence was imposed for a
violation of the probation and within the maximum term
for which defendant might have been sentenced. In the
instant case, the defendant was not subject to probation
for a longer period than one year, and there is no aver-
ment or proof of any misconduct on his part during that
time; so the question as to whether a defendant can be
sentenced after the expiration of the maximum term be-
cause of having previously violated his parole, is not
here involved.

We are aware of the conflict in the decisions in other
states as to the effect of the probation statutes on the
right of suspension of sentences, but believe the true rule .

is as held by the Supreme Court of Illinois in People ex rel. Boenert v. Barrett, 202 Ill. 287, 63 L. R. A. 82, 87, that, "The Act of 1899 providing a system of parole (Hurd's Rev. Stat., 1901, p. 669) is the only law in this state [Illinois] authorizing the parole of a person convicted of crime. Provisions are made and means and instrumentalities are provided for its uniform operation and for its due administration. If the many criminal courts of the state had the power to enlarge persons convicted of crime, on their own recognizance, during their good behavior or at the discretion of the presiding judge, there would, in effect, be in full force another and different system of parole, without bounds or limitations and without uniformity, but wholly dependent in its operation in each individual case upon the discretion of the sitting judge. We are of the opinion, as we have already said, that no such power exists in the courts": see also People v. Cahill, 300 Ill. 279, 133 N. E. 227. It follows that, aside from the exceptional circumstances above mentioned, the court is without authority to impose sentence after the expiration of the maximum term of imprisonment for the offense of which defendant was convicted. Therefore, the sentence imposed on the relator, more than three years after the expiration of such term, cannot be sustained.

The relator is discharged, costs to be paid by the County of Schuylkill.