THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, *v.* PHILLIP KASTEL, Defendant.

County Court, Montgomery County, December 6, 1939.

*Charles S. Tracy, District Attorney [Milburn D. Smith, Assistant District Attorney,* and *George G. Hunter, Jr., Deputy Assistant District Attorney,* of counsel], for the plaintiff.

*James M. Noonan,* for the defendant.

CALDERWOOD, J.  In view of the undisputed facts in this case and of the provisions of section 2188 of the Penal Law and section 470-a of the Code of Criminal Procedure, considered in the light of *Matter of Donnelly (Kuney-Sauter)* (168 Misc. 285; affd., *sub nom. People ex rel. Kuney* v. *Adams,* 256 App. Div. 802; affd., 280 N. Y. 794), I am of the opinion that this court was without jurisdiction to grant the order herein of October 10, 1939, directing that a bench warrant be issued and that defendant be apprehended and brought before the court on the application of the district attorney for an order revoking the suspension of the sentence imposed herein December 6, 1926.

The records of this court establish that after a trial by jury said defendant, Phillip Kastel, was convicted on November 18, 1926, of the crime of grand larceny in the first degree.  Thereafter, and on December 6, 1926, he was sentenced to imprisonment at hard labor

in Clinton State Prison at Dannemora, N. Y., for a term of not less than three and one-half years and not more than eight years. Such sentence was imposed by the late Hon. GEORGE C. BUTLER, County Judge, who presided during said trial. Following the affirmance of the said judgment of conviction and sentence by both the Appellate Division of the Supreme Court, Third Department (221 App. Div. 315), and the Court of Appeals (250 N. Y. 518), the defendant on February 10, 1930, appeared before said trial judge in person and by attorney and requested that the execution of the aforesaid sentence be suspended. Thereupon, and after hearing Hon. William J. Crangle, then district attorney (and now county judge of said county), and Hon. N. J. Herrick, former district attorney and counsel for the People on the trial of said action, said court ordered and adjudged as follows: " That the sentence imposed upon the defendant Phillip Kastel on December 6, 1926, be suspended." Said defendant has served no part of said sentence. Since November 18, 1926, he has not been convicted of another crime. The suspension of the execution of the aforesaid judgment was unconditional, defendant not having been placed on probation.

Both of the aforesaid sections 2188 and 470-a were amended by the Legislature during the year 1918, and as thus amended remained in force and effect down to and including the time of the aforesaid conviction, sentence and the suspension of the execution of such sentence. If I interpret correctly the opinion of the court in *Matter of Donnelly* (*supra*), said amendments were prompted by the conviction of the Legislature that after the term of the original sentence of a defendant had expired it was unjust to keep the prospect of indefinite imprisonment before an offender, the execution of whose sentence had been suspended (p. 293). Apparently these amendments were intended as a protection to a defendant who had been convicted of crime and sentenced, but to whom the trial court had granted a suspension of the execution of said sentence. Section 2188, as so amended, provides, among other things, that if sentence has been imposed upon a defendant and the execution of the whole or a part thereof has been suspended, at any time thereafter *within the longest period for which a defendant might have been committed in the first instance,* the court may issue process for the rearrest of the defendant, and when such defendant is arraigned, if sentence shall have been suspended, impose any sentence or make any commitment which might have been imposed or made at the time of conviction, or may, if sentence shall have been imposed and execution of the whole or part of the judgment suspended, revoke the order suspending execution of judgment and order executed the judgment or the part thereof the execution of which shall have been suspended.

or may modify the judgment so as to provide for the imposition of any punishment which might have been imposed at the time of the conviction. It seems clear that if the relief provided for by this section is to be availed of application therefor must be made within the period of the limitation thereby fixed. In the instant case this would mean within ten years measuring from the date of the conviction and sentence, that being the maximum sentence for the crime of grand larceny in the first degree.

Said section 407-a, as thus amended, provides, among other things, that if after a verdict of guilty where sentence shall have been imposed and execution of the whole or a part of the judgment suspended, the court may revoke the order suspending execution of judgment and order executed the judgment or part thereof the execution of which shall have been suspended, or may modify the judgment so as to provide for the imposition of any punishment which might have been imposed at the time of conviction. It further provides that the court may impose sentence or order judgment executed with or without modification, as thereinbefore provided, at any time after such suspension of the execution of judgment "*within the longest period for which the defendant might have been sentenced,*" or, if the defendant is on probation and the period of the probation exceeds the period for which the defendant might have been sentenced, at any time while the defendant remains on probation; *but not after the expiration of said period or periods, unless the defendant shall have been convicted of another crime committed during such period.* In my opinion, the language employed in this section creates two separate and distinct measures, viz.: (1) The maximum period for which defendant could have been sentenced, measured from date of sentence, where there is no probation, and (2) where there is probation, then during the period thereof. The reason for this latter provision is apparent. Neither suspension of execution of sentence nor probation is a matter of right, but rather of discretionary judicial favor. Where such favor is granted the court has the right to couple therewith such terms and conditions as to it seems proper, including an extension of the period during which it retains its control and jurisdiction of the defendant. As it seems to me, any other construction of this section would rob the language employed of its commonly accepted meaning.

Because in the instant case there was, after conviction and sentence, an unconditional suspension of the execution of such sentence, and because the defendant has not since been convicted of any other crime, I am now convinced that since December 6, 1936, this court has no jurisdiction of the defendant, and conse-

quently had no right or power on October 10, 1939, to grant the order challenged herein, or to issue the warrant for his apprehension which is based thereon. True the district attorney contends that the order and warrant were justified and properly issued because of criminal acts and other acts repulsive to public conscience perpetrated by the defendant subsequent to 1930. Assuming for sake of argument this to be true, still it fails to meet the requirement of section 470-a, namely, a conviction for another crime. It was admitted on argument of this motion that the defendant has not been convicted of another crime during the period since conviction. Again the district attorney urges that the defendant is a fugitive from justice. If, as I believe, this court had no jurisdiction of the defendant since December 6, 1936, I cannot see how he could be deemed a fugitive from this court. Further, it has been urged that the defendant should not be heard on this motion through an attorney, but should be required to appear in person. I know of no rule of law, under the facts of this case, which precludes the defendant from appearing by attorney to raise the question of want of jurisdiction in the court.

By reason of the aforesaid, I have reached the conclusion that this court on or since October 10, 1939, has had no jurisdiction of the defendant, and for that reason the motion of the defendant to vacate and set aside its aforesaid order of October 10, 1939, directing that a bench warrant issue for the apprehension of the defendant should be granted herein. I am further of the opinion that the warrant for the apprehension of said defendant heretofore and on October 10, 1939, issued by me pursuant to the aforesaid order should be vacated and recalled to this court; and that all proceedings had under said order or warrant should be declared null and void.

Order may be prepared and submitted accordingly.