**UNITED STATES of America ex rel. John GIOVENGO, Petitioner,**

v.

**James F. MARONEY, Superintendent State Correctional Institution, Pittsburgh 33, Pennsylvania, Respondent.**

**Civ. A. No. 61-27.**

United States District Court
W. D. Pennsylvania.

March 27, 1961.

Marjorie Hanson Matson, Pittsburgh, Pa., for plaintiff.

Jay L. Benedict, Jr., Dist. Atty., Franklin County, Chambersburg, Pa., for defendant.

McILVAINE, District Judge.

This case comes before this Court on a petition for writ of habeas corpus raising the question of whether the right to a speedy trial, including final disposition and sentence, is protected by the due process clause of the Fourteenth Amendment.

The sentence which petitioner is presently serving arises out of offenses to which he entered a guilty plea on April 11, 1955, in Franklin County, Pennsylvania. The offenses charged were burglary and larceny. After entry of the plea the Court deferred sentence and turned the petitioner over to Allegheny County authorities, who likewise had charges against this petitioner. Upon his return to Allegheny County, petitioner entered guilty pleas to several offenses and was sentenced to the Western Penitentiary for a term of five to twenty years.

Following his commitment to Western Penitentiary on the Allegheny County sentences, petitioner on July 26, 1956, filed by mail a petition for rule to show

cause why he should not either be sentenced on the indictments to which he had pleaded guilty or the prosecutions be dismissed because of failure to sentence within a reasonable time. On August 30, 1956, the Franklin County Court discharged the rule and dismissed the petition.

In February 1957, petitioner applied to the Supreme Court of Pennsylvania for a writ of mandamus requesting the Court to order dismissal of the Franklin County charges by reason of the delay in sentencing. The Supreme Court denied the petition as not stating a case for issuance of a writ of mandamus: No. 2113 Misc.Docket (Western District).

On September 26, 1957, petitioner filed a second petition in the lower court, this time requesting that the indictments be dismissed because of the failure to impose sentence. This petition was dismissed November 7, 1957. Petitioner attempted to appeal from said order, but the Pennsylvania Superior Court denied his petition to appeal in forma pauperis: No. 289 Misc.Docket (Pittsburgh District). The Pennsylvania Supreme Court denied allocatur; No. 2147 Misc.Docket (Western District). Application for a writ of certiorari was made to the United States Supreme Court but denied March 10, 1958. Giovengo v. Commonwealth of Pennsylvania, 356 U.S. 904, 78 S.Ct. 566, 2 L.Ed.2d 582.

On March 18, 1958, petitioner mailed to this Court a petition which was later filed at No. 2153, seeking dismissal of the charges against him in Franklin County on the basis of the failure of that court to impose sentence within a reasonable time. The following day petitioner was removed from the Penitentiary and taken to Franklin County. On March 21, 1958, petitioner was sentenced to a term of two to four years in a state correctional institution on each of two indictments, said sentences to run concurrently and to take effect at the expiration of the Allegheny County sentences.

Petitioner then appealed to the Superior Court which sustained the imposition of the sentence despite the fact that it was imposed two years, eleven months, and ten days after the entry of the guilty plea: Commonwealth v. Giovengo, 188 Pa.Super. 220, 146 A.2d 629. Judge Wright dissented, holding that petitioner had been deprived of his constitutional rights by the failure to impose sentence within a reasonable time.

The Pennsylvania Supreme Court refused allocatur March 23, 1959, Mr. Justice Musmanno dissenting: No. 250–A Misc.Docket No. 11. A petition for reconsideration was denied May 7, 1959.

The United States Supreme Court denied certiorari October 12, 1959, 361 U. S. 843, 80 S.Ct. 94, 4 L.Ed.2d 81.

Thereafter on April 19, 1960, petitioner was paroled on his Allegheny County sentences and commenced serving his Franklin County sentence. He is thus in a position to raise the constitutional question in this Court, having exhausted his state remedies and being in confinement under what he asserts is an invalid sentence. His earlier petition, filed at No. 2153, had been dismissed by Judge Miller by reason of the fact that petitioner was not then in custody on the sentence whose validity he sought to challenge.

The Commonwealth of Pennsylvania was notified of the filing of this application for a writ of habeas corpus. Copies of his application were served upon the Superintendent in charge of the institution in which he was confined, the Attorney General of the Commonwealth of Pennsylvania, and the District Attorney of Franklin County, the county in which petitioner was sentenced.

On February 7, 1961, the Attorney General advised this Court that its office was not in a position to participate in the proceedings since they knew nothing of the facts. The Superintendent of the institution in which he was confined filed a return certifying the cause of his detention. The District Attorney of

Franklin County on February 13, 1961, advised this Court that he would be unable to attend the hearing before this Court due to the fact that he was engaged in criminal trials in his own county, and that he had no Assistant District Attorney to send, nor did he indicate that he desired that the hearing be continued, or that he desired to engage additional counsel to represent the District Attorney, but indicated that the Commonwealth thought that there was something wrong in enabling the defendant to raise the same legal question on innumerable occasions. Thus, at the hearing, no one from the Commonwealth of Pennsylvania appeared.

■■■ This case presents the issue whether following the entry of a guilty plea in a state court does the deferment of a sentence for almost three years despite repeated requests for final disposition of the case deprive the petitioner of due process of law as guaranteed by the Fourteenth Amendment of the Constitution of the United States.

It would appear that under the Sixth Amendment to the United States Constitution the imposition of sentence is a part of trial as indicated in Pollard v. United States, 1956, 352 U.S. 354, 77 S. Ct. 481, 1 L.Ed.2d 393. However, there is some question whether some of the rights protected under the Sixth Amendment are incorporated within the rights protected under the Fourteenth Amendment. We feel that before a Court could find that a state prisoner's rights to a speedy trial have been violated and, hence, a violation of the Fourteenth Amendment of the Constitution, we would have to find that he has requested a trial, and that a speedy trial has been denied, and that this has been *prejudicial* to his rights. The question thus before this Court is whether the rights of this petitioner were prejudiced. It appears that when he was seeking commutation of his sentence from the Allegheny County Court, which sentence was for a term of five to twenty years, one of the reasons that the District Attorney asserted in opposing commutation was that the peti-

tioner still had undisposed of charges in Franklin County. In addition, the Franklin County charges had an adverse effect on his possible transfer to a prison other than a maximum medium institution such as he was incarcerated in in Pittsburgh.

We must remember that this petitioner was a very young man approximately nineteen years of age at the time of sentence in Allegheny County. His co-defendant, who was one year older than he, was sent to Camp Hill. Camp Hill is an institution in Pennsylvania for youthful offenders. The previous records of the petitioner and his co-defendant were practically identical. Thus, the only probable reason for his retention in the institution at Pittsburgh, which had heretofore popularly been known as Western State Penitentiary, was the pending charge in Franklin County; and this pending charge undoubtedly prevented his being sent to a proper institution for youthful offenders. This also affected his work assignment and barred him from working outside the walls of the institution to which he was assigned.

The testimony at the hearing also indicated that the Parole Board may take into consideration the type of prison in determining whether he should be granted parole.

The undisposed of case in Franklin County also affected this petitioner in a personal way, causing him an emotional upset and causing him to expend large sums of money in an effort to protect his rights.

We are ever mindful that this is a state prisoner being sentenced under state law, and we recognize the need of comity between the state and federal sovereignties. We realize that the states under our system are the primary sovereignties concerned with the enforcement of criminal sanctions. We have a proper reluctance to interfere with state processes, but while we recognize the operation of the dual sovereignties under the federal-state relationship, this does not mean that we are to remain

deaf to all pleas of violations of rights by a state of a citizen of the United States.

The Supreme Court of the United States has indicated, although not squarely decided, that sentence is part of the trial for purposes of the Constitution. See Pollard v. United States, supra. The Pennsylvania law seems in agreement as stated by Mr. Justice Jones, now Chief Justice Jones, in Commonwealth ex rel. Holly v. Ashe, 368 Pa. 211, 219, 82 A.2d 244, 248: "The suggestion that the constitutional right of the accused to a speedy trial requires that he be sentenced timely is, of course, true."

If this case with this delay had happened in the federal system, there is no question but what a constitutional right would have been violated. However, as stated before, the United States Supreme Court has never held that the Sixth Amendment freedoms are fully incorporated in the due process clause of the Fourteenth Amendment, and to find unconstitutional deprivation of this prisoner's rights it is necessary to find prejudice to him. As the findings set forth above indicate, we find there was prejudice in the instant case.

While agreeing that a sentence is valid if pronounced within a reasonable time, under the circumstances in this particular case the deferring of the sentence for this long period is clearly unreasonable.

As Mr. Justice Wright in his dissenting opinion in the instant case stated: "Justice delayed is justice denied." [188 Pa.Super. 220, 146 A.2d 633]

I agree with him, and I, too, feel very strongly that three years is a very unreasonable time under the circumstances of this case; and further I find that the defendant was prejudiced thereby.

The decision on this matter makes it unnecessary for the Court to take up the second allegation of the petitioner that he was deprived of his right to the effective assistance of counsel at his sentencing.

This Opinion shall serve as the Findings of Fact and Conclusions of Law of the Court.

Order Discharging Petitioner

This matter having been regularly brought on for hearing upon the issues joined herein, and the same having been duly heard and submitted, and due consideration having been thereon had, it is by the Court now here ordered that the said named person, John Giovengo, in whose behalf the writ of habeas corpus was sued out is illegally restrained of his liberty, as alleged in the petition herein, and that he be and he is hereby discharged from the custody from which he has been produced.