Commonwealth ex rel. Konchick, Appellant, *v.* Ceraul.

Submitted December 14, 1961. Before RHODES, P. J., ERVIN, WRIGHT, WOODSIDE, WATKINS, MONTGOMERY, and FLOOD, JJ.

*Stephen M. Konchick, Jr.,* appellant, in propria persona.

No argument was made nor brief submitted for appellee.

OPINION BY WATKINS, J., January 22, 1962:

This is an appeal by Stephen M. Konchick, Jr., the petitioner-appellant, from an order of the Court of Common Pleas of Northampton County, denying his petition for a writ of habeas corpus.

We adopt the following portions of the opinion of the court below, as written by President Judge BARTHOLD.

"This is a petition for a writ of habeas corpus to test the validity of a deferred sentence.

"The court allowed relator to present the petition in forma pauperis and appointed counsel to represent him.

"Relator in his amended petition averred that he entered a plea of guilty to a charge of burglary on September 14, 1953 (indictment No. 24, June Term, 1953); that he was not sentenced for the offense until September 12, 1955, when the court imposed a prison term of

not less than 5 nor more than 20 years; and that there was no formal deferment or suspension or other reason for the delay of 2 years and 3 months in the sentencing.

"The averant that there was no formal deferment or suspension is contrary to fact.

"The order of court set forth in the continuance docket reads: 'Defendant being arraigned pleads guilty to burglary, remanded to prison for sentence at later date.'

"The stenographic notes of the proceedings before the court when defendant entered his guilty plea contain the following:

"THE COURT: We will accept your plea to the charge of burglary, No. 24, June Term, 1953, and defer sentence. You are remanded to jail for sentence at a later date, etc.

"The foregoing records establish conclusively that the court did enter a formal order deferring sentence. Even in the absence of such formal order the court did not lose its power to sentence. In Com. ex rel. Michelotti v. Ashe, 162 Pa. Superior Ct. 18, President Judge RHODES, speaking for a unanimous court, stated on page 20: 'In a case where no sentence has been imposed during the term, an order of the court specifically remanding for sentence, or specifically suspending sentence to a later term, is not absolutely necessary. If, through inadvertence or oversight on the part of the court, sentence is not pronounced during the term at which the case is tried, the court may impose sentence at a subsequent term. This practice prevails in the criminal courts of this state'. In Com. ex rel. Holly v. Ashe, 368 Pa. 211, at page 215, the Supreme Court approved this statement of the law . . . .

"The following record facts establish conclusively that the delay in sentencing was justified and that sentence was pronounced within reasonable time under the circumstances. At the time the relator entered his

guilty plea a companion case involving the same burglary and involving an alleged accomplice of relator was awaiting disposition (Com. v. Steve Repyneck, No. 151 September Term, 1953). The companion case proceeded to trial in February of 1954, and on February 18, 1954 Steve Repyneck was found guilty by a jury. The verdict was set aside and a new trial awarded on November 12, 1954. The second jury trial terminated in a mistrial on February 15, 1955. A third jury trial of the case against Steve Repyneck was held and on March 22, 1955 Steve Repyneck was again found guilty by a jury. Relator was a material witness against Steve Repyneck in each of the three trials. The verdict of guilty rendered against Steve Repyneck was challenged in this Court and in the Superior and Supreme Court of Pennsylvania. The appellate proceedings upholding the verdict terminated on Sept. 27, 1955. Two and one-half months later on December 12, 1955, relator was brought before the court and sentenced on the guilty plea which he had entered to indictment No. 24, June Term, 1953 on September 14, 1953. Relator made no complaint of the delay in sentencing although he appeared in court on three separate occasions as a witness against his accomplice, Steve Repyneck. Relator was represented by court appointed counsel when he entered his guilty plea on September 14, 1953, and was represented by his own counsel at the third trial of his accomplice, Steve Repyneck, in March of 1955. Sentence was imposed on relator in 1955 within three or four weeks after his own counsel made a request that sentence be imposed.

"Manifestly, the court did not abuse its discretion in delaying sentence until after the companion case was disposed of. 'The court has the power to remand and hold convicts for sentence as long as may be deemed necessary and advantageous to the ends of justice.' Com. v. Mayloy, 57 Pa. 291, 300; Com. ex rel. McGinnis v. Ashe, 330 Pa. 289, 291.

"This case represents a situation where an incarcerated prisoner seeks to be relieved of a just sentence because of some alleged technicality. Relator was an habitual offender. The stenographic notes of the proceedings before the court when defendant entered his guilty plea disclose that in 1934 this court sentenced relator to a term of 8 to 16 years on an indictment charging highway robbery, attempted robbery, and assault and battery; that in 1943 relator was sentenced by the court of Lehigh County to a term of 5 to 10 years on an indictment charging robbery, and that at the time of the commission of the present offense he had approximately 4 years of parole time to serve. Obviously in such circumstances relator was not injured in any way by the delay in the imposition of sentence.

"Relator has not been deprived of any constitutional or statutory right and he has not been otherwise prejudiced. Relator, therefore, has not shown that he 'hath probable cause to be delivered.' "

The court below cited with approval *Com. v. Giovengo,* 188 Pa. Superior Ct. 220, 146 A. 2d 629 (1958). It is necessary to comment on the history of this case. Subsequent to this Court's decision the Supreme Court of Pennsylvania refused an allocatur and the Supreme Court of the United States denied a writ of certiorari on October 12, 1959, 4 L. Ed. 2d 81. However, the United States District Court for the Western District in *United States of America ex rel. John Giovengo v. James F. Maroney, Superintendent State Correctional Institution, Pittsburgh, Pa.,* 194 F. Supp. 154 (1961), granted Giovengo's petition for a writ of habeas corpus and discharged him. The district attorney of Franklin County did not appear at the hearing.

The Franklin County court and the majority of this Court had determined that under all the circumstances Giovengo's rights had not been prejudiced and the sentence had been imposed within a reasonable time, while

the District Court determined that under all the circumstances his rights were prejudiced and sentence was not imposed within a reasonable time.

The action of the District Court did not in any way affect the law in Pennsylvania as indicated by *Com. v. Giovengo,* supra, that sentence may be deferred or suspended so long as it is pronounced within a reasonable time, and what is a reasonable time must be determined by the circumstances of the particular case. In fact, the District Court judge so applied the law but found that the defendant's demands to be sentenced, going unanswered, prejudiced his rights; and the long delay, under all the circumstances, was unreasonable.

The court below also quoted with approval the language of the *Giovengo* case, supra, at page 227, "We conclude that in Pennsylvania a sentence may be suspended or deferred for a period of time equal to the maximum term for which the defendant might have been sentenced, provided proper reasons are present to justify the delay." This language was based upon the interpretation of the law at that time, that a suspension of a sentence is not a sentence; that it is interlocutory and not a final judgment. This concept of the law was changed, or at least, clarified by the Supreme Court in *Com. v. Elias,* 394 Pa. 639, 149 A. 2d 53 (1959), which held, that such an order, which has the effect of putting a litigant out of court or is capable of ultimately constituting a conclusive adjudication of the defendant's guilt is appealable as a final judgment. We, therefore, just because sentence has been suspended, cannot categorically fix a time "equal to the maximum term" to withhold pronouncement of sentence, which, in some instances might be reasonable and in others unreasonable and prejudicial to the defendant, depending on the circumstances of the particular case.

In any event the reasons for the delay in sentence in the instant case most certainly cannot be tortured into any prejudice of the defendant's rights, as is well set forth in the opinion of the court below.

Order affirmed.

Ervin, J., would affirm on the opinion of the court below.

Flood, J., concurs in the result.

CONCURRING OPINION BY WRIGHT, J.:

I concur in the result. This appellant made no complaint regarding the delay in imposing sentence. Apparently he was cooperating with the Commonwealth, and was entirely satisfied to have his sentence deferred. However, it is my view that we should flatly overrule *Commonwealth v. Giovengo*, 188 Pa. Superior Ct. 220, 146 A. 2d 629, upon which President Judge BARTHOLD relied. The result in the *Giovengo* case was wrong, and the statement of law upon which the majority opinion was based is erroneous. This is clearly demonstrated in the able opinion of Judge JOHN W. McILVAINE of the United States District Court for the Western District of Pennsylvania, who directed that Giovengo should be released and discharged. See *United States ex rel. Giovengo v. Maroney*, 194 F. Supp. 154.