Commonwealth *v.* Duff, Appellant.

388

Argued March 20, 1963. Before RHODES, P. J., ERVIN, WRIGHT, WOODSIDE, WATKINS, MONTGOMERY, and FLOOD, JJ.

*Robert N. C. Nix, Jr.,* for appellant.

*Bernard Edelson,* Assistant District Attorney, with him *Arlen Specter,* Assistant District Attorney, *F. Emmett Fitzpatrick, Jr.,* First Assistant District Attorney, and *James C. Crumlish, Jr.,* District Attorney, for appellee.

OPINION BY FLOOD, J., July 5, 1963:

This appeal challenges the power of a trial judge who has suspended sentence upon several guilty pleas, to impose a prison sentence upon the pleas upon the defendant's conviction of a subsequent crime, under the following circumstances:

At various times from 1954 to 1958 the defendant was indicted on six bills charging abortion and two bills charging conspiracy to commit abortion.

On February 24, 1959, he pleaded guilty to all eight bills before Judge CHUDOFF, who placed him on probation for twenty-three months on one of the bills (June

Sessions 1954, No. 1135) and suspended the imposition of sentence on the other bills.

On August 30, 1960, the defendant again committed the crime of abortion.

On January 24, 1961, the probationary period imposed by Judge CHUDOFF on bill No. 1135 expired and the Probation Department of the Court of Quarter Sessions of Philadelphia County terminated supervision of the appellant.

In June 1961, the defendant was indicted for the abortion of August 30, 1960.

On January 4, 1963, the appellant was convicted of the 1960 abortion by Judge ULLMAN sitting without a jury. Following this conviction Judge ULLMAN placed the defendant upon probation for a period of three years.

On January 18, 1963, after a hearing, Judge CHUDOFF "vacated" the suspended sentence and imposed a sentence of eighteen months to three years in the Eastern Penitentiary on each of the five bills charging abortion as to which sentence had been suspended on February 24, 1959, the sentences to run concurrently. The judge took no action with regard to the bill upon which he had placed the defendant on probation.

The defendant raises the following questions:

1. Where a judge imposes probation on one bill and suspends sentence on all of the remaining bills as to which pleas are entered before him at the same time, can he, two years after the probationary period on the first bill has expired, impose a prison sentence on the bills on which sentence had been originally suspended?

2. Can the court impose a prison sentence four years after the entry of a guilty plea?

Suspension of sentence is generally held to be a common law power of the court and it is out of this ancient practice of suspending sentence that the system of probation was developed. Pigeon, Probation

and Parole (National Probation Association, 1942), p. 80. In Massachusetts, where the first probation system was established, it was done under the common law power of suspension without any statutory authority. Cosulich, Adult Probation Laws of the United States (National Probation Association, 1940), p. 7.

Whether or not this common law power existed in Pennsylvania, it was "long . . . in vogue in this . . . state" prior to the authorization of probation. *Commonwealth ex rel. Wilhelm v. Morgan*, 278 Pa. 395, 397, 123 A. 337, 338 (1924). In Pennsylvania probation is a creature of statute, having been first authorized for adults by the Act of May 10, 1909, P. L. 495, §1, which was replaced by the Act of June 19, 1911, P. L. 1055, 19 PS §1051. This act gives the court the power, under specified conditions, "to suspend the imposing of the sentence, and place the defendant on probation for a definite period, on such terms and conditions . . . as it may deem right and proper; said terms and conditions to be duly entered of record as a part of the judgment of the court in such case".

Our system of probation, adopted in 1911 when probation was in its beginnings [1] was given only a skeleton by legislation, and it had to be fleshed by the courts. The Act of 1911, supra, in addition to the authorization first quoted, provides merely that the court may appoint a probation officer and such assistants as it may deem necessary, "for the performance of such duties as the court may direct", with provision that when a person violates the terms of his probation the court which released him may pronounce such sentence as the law may direct, and when, on the other hand, he has, in the judgment of the court, satisfactorily met the conditions of his probation the court shall discharge him. Nothing has been added to these

---

[1] Except for Massachusetts, no legislative body, either in the United States or England, authorized probation prior to 1900.

minimal directions to the court by the Act of 1941, supra, or by any other statute since 1911. In contrast with other jurisdictions where very detailed provisions as to the conditions which may be imposed and the administration of probation are found in the statutes,[2] in Pennsylvania, the entire administration of adult probation, including the conditions which may be imposed and the extent of the supervision of probationers has been left to the quarter sessions courts[3] which have had to develop their own systems of probation. The extremely wide variation from county to county which had developed by 1956 is seen in the study made for the Governor's Commission on Penal Affairs and the Governor's Commission on Children and Youth made by the National Probation and Parole Association.[4]

Since the Act of 1911 merely authorizes the placing of a defendant on probation, it might have been a permissible interpretation, especially in view of prior practice, to hold that the court retained the power to suspend sentence without probation and many quarter sessions courts have so interpreted it over the years. However, such interpretation was authoritatively foreclosed by the dictum of the Supreme Court in *Commonwealth ex rel. Wilhelm v. Morgan*, supra, at 398, 123 A. 337, at 338 (1924), that "every suspension of sentence since the effective date of the Act of 1911 is subject to its provisions, without regard to the form of the order". Moreover, in §25 of the Act of August 6, 1941, P. L. 861, 61 PS §331.25, which replaced this

---

[2] 18 U.S.C.A. §§3651-3656; 66 McKinney's Consolidated Laws of New York, Annotated, §§927-939; New Jersey Statutes Annotated §2A: 168-1 to 13. See also the Model Penal Code of the American Law Institute, §§301.1 to 301.6, 401.1 to 401.3 and 405.1 to 405.4.

[3] Except for the none too frequently used provision of §17 of the Act of 1941, 61 PS §331.17.

[4] Probation Services in Pennsylvania (1957), National Probation and Parole Association.

provision of the Act of 1911, and is now in force, suspension of sentence is not mentioned. By it the court is given power, under the specified circumstances "instead of imposing such sentence, to place the person on probation for such definite period as the court shall direct, not exceeding the maximum period of imprisonment allowed by law for the offense . . ."

Every suspension of sentence, therefore, is now, in effect, a probationary sentence, even though no period of probation is specified and no terms or conditions of probation recorded as part of the sentence. While the opinion of the Supreme Court in the *Wilhelm* case in 1924 indicated that the sentencing judge should never suspend sentence without imposing probation for a definite period and under definite conditions, neither that court nor this has since condemned the very common practice of trial judges during the intervening years of suspending sentence without fixing a probationary term, and, even more frequently, without fixing or recording as part of the judgment, the terms and conditions of the probation. Our decisions have indicated that we have considered such a suspension as containing an implied probation for the maximum period for which the defendant could have been sentenced, the condition of the probation being that no new crime is committed during that period.

To say, as the Supreme Court did in *Commonwealth ex rel. Wilhelm v. Morgan,* supra, that "every suspension of sentence since the effective date of the Act of 1911 is subject to its provisions" does not mean that such suspension should be treated as a nullity so that the court loses all power to sentence the prisoner after the term or after thirty days. Nor should it be treated as a mere deferment of sentence, which it is clearly not intended to be. Such interpretation would ignore a half century of practice during which the trial courts have, in countless instances, suspended sentence

and thereafter showed, by imposing prison sentences upon the commission of a new crime, that they were treating the suspension as being made under the Act of 1911 and "subject to its provisions". The legislature has not seen fit to ban this practice in the intervening fifty-two years, nor has the Supreme Court or this court ever treated such suspensions as nullities or as mere deferments.

Therefore, when the court suspends the imposition of sentence without fixing terms of probation, it may, for proper reasons, impose a prison sentence within a reasonable time thereafter, if it does so within the maximum term which could have been imposed for the offence. *Commonwealth ex rel. Wilhelm v. Morgan,* supra. The Pennsylvania courts have no specific statutory authority for imposing sentence after the probationary period for a violation occurring within the period, as do those of some other jurisdictions. See 18 U.S.C.A. §3653; *People v. Kastel,* 17 N.Y.S. 2d 418, 172 Misc. 784 (1939). But the implications are clear under our statute that, for a violation occurring within the probationary period, the probation may be revoked within a reasonable time after the expiration of that period, if it is done before the expiration of the maximum for which the defendant might have been sentenced. See *Commonwealth v. Fox,* 69 Pa. Superior Ct. 456 (1918).

The defendant now raises the question as to whether a court which fixes a definite probationary period, short of the possible maximum, on one bill and suspends sentence on companion bills before it for disposition at the same time, may revoke the implied probation under the suspended sentences after the expiration of the period of probation fixed on the companion bill. While it may be that the court's power under the bills on which sentence is suspended is limited to violations within the period of probation fixed under the

companion bill, this does not help the appellant in this case.

Here the probationary period expired on bill No. 1135, on January 24, 1961. Before this date, on August 30, 1960, the defendant again committed the crime of abortion. Even though no terms or conditions of probation had been recorded at the time of the suspension of sentence, yet it may always be implied as a condition that the defendant shall not again commit a similar crime during the probationary period. Therefore the defendant violated not only his probation under bill No. 1135, but the probation automatically imposed under the Act of 1941, supra, when sentence was suspended on the other abortion bills to which he had pleaded guilty. He, therefore, made himself subject to the imposition of a prison sentence on those bills as well as on bill No. 1135.

It seems clear that, for the proper operation of a probation system and the attainment of the rehabilitation of the defendant at which it aims, the court must have the power, even after the expiration of the probationary period, to punish a violation which occurs during the period, provided the court acts within a reasonable time after the violation. See *Commonwealth v. Fox*, supra.[5] It seems obvious that a violation which takes place on the last day of the probationary period, or so near the end of the probationary period that the court cannot act within the period, should be punishable by revocation of the probation thereafter. Similarly, a serious violation of the terms of probation which occurs under circumstances which

---

[5] The violation in that case occurred ten days after the probationary period had expired and this court held that nevertheless the trial court could revoke the probation by acting promptly thereafter—in that case within a month. We need not re-examine that holding in this case. Here the violation actually took place within the probationary period.

prevent it from coming to the attention of the probation authorities or the court until after the expiration of the probationary period, should be punishable promptly after the court learns of it. And in a case such as this where the violation, which occurred during the probationary period, consists in the commission of a crime and the defendant pleads not guilty to that crime, the court should have the power to revoke the probation if it acts promptly after the trial at which the defendant is found guilty of the new crime.

In each such case, the question reduces to whether the delay in the revocation and the imposition of the prison sentence is reasonable. It is sufficient that the court which imposed the probation should act promptly after the violation is discovered or, in the case of an accusation of crime, after the conviction, even though the probationary period has expired meanwhile.

Here the delay between August 30, 1960, when the new crime was committed, and January 18, 1963, the date when Judge CHUDOFF imposed a prison sentence because of the violation, is clearly reasonable under the circumstances. The period from August 30, 1960 until January 4, 1963, was the period required for bringing the defendant to trial and convicting him. Until his conviction, the court did not know whether or not he had violated his probation. After the conviction Judge CHUDOFF acted promptly. He gave the defendant a hearing on the violation fourteen days later,[6] and promptly revoked the suspension and sentenced him to the Eastern Correctional Institution. There is no evidence and no claim that there was any delay for which the Commonwealth was responsible in bringing the defendant to trial for the 1960 abortion. The sentence for the violation was imposed within a reasonable

---

[6] Judge CHUDOFF stated at the hearing on January 18, 1963, that he had not been informed of the subsequent conviction until that day.

time. It was imposed within the maximum period for which the defendant could have been sentenced and promptly after the determination by the jury that the defendant had committed another crime of the same type during the probationary period.

The cases cited by the defendant are in no sense contrary to this conclusion. In *Commonwealth v. Giovengo*, 188 Pa. Superior Ct. 220, 146 A. 2d 629 (1958) (cert. denied 361 U.S. 843 (1959)), the appellant contended that a delay of sentence after guilty plea for two years, eleven months and ten days (as compared with two years, four months and nineteen days in this case) deprived him of his right to a speedy trial and due process of law as guaranteed by art. I, §9, of the Pennsylvania Constitution and the Fourteenth Amendment of the United States Constitution. The court held that it did not, saying: "In Com. ex rel. Wilhelm v. Morgan, 278 Pa. 395, 397, 123 A. 337, our Supreme Court said: 'The right to temporarily defer sentence, while the court seeks information or the defendant applies for pardon or for other sufficient reason, is universally recognized. The practice of an indefinite suspension of sentence has also long been in vogue in this and some other states, although in a majority of jurisdictions such right is denied, on the ground that an indefinite suspension of sentence amounts to a pardon, which only the executive can grant: 8 R.C.L. 248. Where such practice is recognized the right to later impose sentence remains with the trial court, and the time of its exercise is a matter for judicial discretion; manifestly, however, it would be an abuse thereof to impose sentence after a great delay. Hence, under any view of the law, sentence must be imposed, if ever, within a reasonable time after conviction.' " And in *Commonwealth ex rel. Konchick v. Ceraul*, 197 Pa. Superior Ct. 171, 177 A. 2d 125 (1962), the court stated: "We, therefore, just because sentence has been suspended,

cannot categorically fix a time 'equal to the maximum term' to withhold pronouncement of sentence, which, in some instances might be reasonable and in others unreasonable and prejudicial to the defendant, depending on the circumstances of the particular case." The criterion is reasonableness under the circumstances.

The later federal case of *United States ex rel. Giovengo v. Maroney* 194 F. Supp. 154 (W.D. Pa. 1961) is clearly distinguishable from that presently before the court. Neither probation nor suspended sentence was involved. There the court had delayed disposition of the case, despite repeated requests by the defendant to dispose of it, and the Federal District Court found that this prejudiced the defendant's rights.[7]

We find no deprivation of the defendant's right to a speedy trial under the federal or state Constitutions, or of his rights under the Act of 1941, supra.

Judgment affirmed.

CONCURRING OPINION BY MONTGOMERY, J.:

I readily concur in the opinion of the majority written by Judge FLOOD and appreciate the opinion of Judge WOODSIDE expressing the minority view. Both are learned dissertations on a subject, the principles of which, heretofore, have not been too firmly fixed in the minds of the bench and bar.

My concurrence is founded, particularly, on the implication, which I believe compelling, that the probation provision attached to the suspension of sentence on Bill 1135, also attached to the seven other bills without being so expressly stated. In my mind there is no other reasonable conclusion to be drawn, except that all eight sentences were suspended because the appellant was placed on probation for twenty-three

---

[7] It is also to be noted that the district attorney did not file a brief or appear to contest the defendant's averments or contentions.

months. Had he complied with the requirements of his probation, the privilege of the court to impose sentence on any one or all of the bills would have terminated at the end of the probation period. Having failed in that requirement, appellant was subject to sentence on any or all of the bills, subject to the rule of reasonableness, insofar as the time for imposing such sentences is concerned.

----

DISSENTING OPINION BY WOODSIDE, J.:

I disagree with the majority in this case.

There are few areas of jurisprudence in which a high degree of certainty is more desirable than that relating to sentencing, and there are few areas where the law of this Commonwealth is in greater confusion. The majority now adds to the confusion by putting its stamp of approval upon a practice which the legislature has tried for over fifty years to abolish, and which the courts should have long since abandoned without legislative prodding.

The practice of "suspending sentence" upon a defendant without placing him on probation for a definite period has always been of doubtful legality. The practice has been considered illegal by a majority of the states; it violates our statutes which require probation to be for a definite period; it is contrary to the present philosophy of parole and probation, and in some cases, it develops into a violation of the defendant's constitutional right to a prompt sentence.

As suggested in the majority opinion, the idea of probation developed from the judicial practice of suspending sentences. The practice, rejected as unlawful in most states,[1] had no rules or tests to govern it ex-

----

[1] See *Com. ex rel. Wilhelm v. Morgan*, 278 Pa. 395, 397, 123 A. 337 (1924).

cept the test of reasonableness. In Pennsylvania the legislature has not only recognized probation since 1909, but it has developed it into a complete system with detailed rules to govern it. A suspended sentence of the nature here imposed is not recognized in that system.

The Act of June 19, 1911, P. L. 1055, as amended, 19 P.S. §1051, specifically authorized the courts to "suspend the imposing of the sentence, and place the defendant on probation *for a definite period*." (Emphasis supplied) This right to place a defendant on probation was limited, however, to cases where the defendant had never been imprisoned and was not guilty of certain enumerated serious crimes. The quarter sessions and oyer and terminer courts of Pennsylvania, without appellate court approval, were suspending sentences prior to this act and some trial courts continued to do so after its passage both in cases falling within the terms of the Act of 1911 and those cases not covered by it.

The power to place a defendant on probation instead of imposing a sentence without the limitations which had been placed upon the court by the Act of 1911 was given to the courts by the legislature in §25 of the Act of August 6, 1941, P. L. 861, 61 P.S. §331.25. This section provides, inter alia, that "the court shall have the power, in its discretion . . . instead of imposing such sentence, to place the person on probation *for such definite period* as the court shall direct . . ." (Emphasis supplied) The legislature, although not recognizing the legality or propriety of a "suspended sentence," adopted an alternate procedure to that previously allowed. In doing so it clearly expressed its intent not only to have a definite period of probation when no sentence was imposed, but also to have the court "direct" what that period should be.

Even if the courts originally had inherent power to *suspend* a sentence in order to observe the future con-

duct of the defendant, and even though the court still has inherent power to temporarily *defer* sentence while the court seeks information or the defendant applies for pardon or for other sufficient reason, nevertheless, today sentence "suspensions" of the nature here under consideration are made under authority of §25 of the Act of 1941, supra, and its provisions should be followed. *Com. ex rel. Wilhelm v. Morgan,* supra, 278 Pa. 395, 397, 123 A. 337 (1924). The Act of 1941 contemplates the imposition by the court of a *definite* period of probation, and the trial courts should be required to follow the law and impose a definite period of probation.

The majority holds that when a court "suspends sentence" without providing for probation for a definite period, there is an implied probation for the maximum period for which the defendant could have been sentenced. Considering the number of crimes for which the penalty is 10, 15 or 20 years the unreasonableness of this conclusion is apparent. This the majority recognizes, for it limits the effective period of the probation to a reasonable time. What can be more *in*definite than a "reasonable" time? I think that the appellate courts should require the sentencing courts to comply with the statutory law and to discontinue the imposition of "suspended sentences" without placing the defendant on probation for a definite period. This, of course, would not interfere with the right of a court to *defer* sentencing temporarily to obtain additional information or for other proper reasons. See *Com. ex rel. Wilhelm v. Morgan,* supra, at p. 397.

The fountain of judicial thinking in this Commonwealth on suspended sentences comes from the case of *Com. ex rel. Wilhelm v. Morgan,* supra, although nearly everything written there on the subject is dictum. I am convinced the basic thinking expressed in that opinion supports the position I take in this case,

although there is also dictum that supports the majority opinion. In that case the Supreme Court questioned "the right to indefinitely defer or suspend sentence, in the absence of statutory authority." Even when the right to suspend sentence is recognized, the court noted that "manifestly, however, it would be an abuse thereof to impose sentence after a great delay. Hence, under any view of the law, sentence must be imposed, if ever, within a reasonable time after conviction." "In any event," the Court continued, "sentence can be suspended only for a reasonable time, which, in conformity with the statute, we hold cannot extend beyond the maximum term of imprisonment, ..." The Court held that a suspension of sentence is subject to statutory provisions relating to probation. It said that "the statutory method for the suspension of sentence controls," and suggested that the suspended sentence shall be coextensive with the probationary period. It accepted as "true" the following quotation from an Illinois court: "If the many criminal courts of the state had the power to enlarge persons convicted of crime, on their own recognizance, during their good behavior or at the discretion of the presiding judge, there would, in effect, be in full force another and different system of parole, without bounds or limitations and without uniformity, but wholly dependent in its operation in each individual case upon the discretion of the sitting judge." This practice of suspending sentence by some of the courts of this Commonwealth creates "another and different system of parole" condemned by the Supreme Court.

The majority cites *Com. v. Giovengo,* 188 Pa. Superior Ct. 220, 146 A. 2d 629 (1958). In that case sentence was deferred and not suspended. I understand that a sentence is suspended when the defendant is called before the court, an order of "sentence suspended" or some similar notation made on the docket,

and the defendant is not thereafter subject to further punishment except for cause arising subsequent to the court's order. It is a final and appealable order. On the other hand when sentence is deferred no judgment is entered, there is nothing to appeal from, and the court must within a reasonable time call the defendant before it for sentence. It may then either sentence the defendant to a fine or imprisonment or both, or place him on probation. The difference between the two actions is recognized in the *Morgan Case,* supra, where it is said on page 397 "the right to temporarily *defer* sentence, while the court seeks information or the defendant applies for pardon or for other sufficient reason, is universally recognized. The practice of an indefinite *suspension* of sentence has also long been in vogue in this and some other states, although in a majority of jurisdictions such right is denied, . . ." (Emphasis supplied) The reason for deferring the sentence and more particularly the reasonableness of the time it was deferred were before us in the *Giovengo* case. In connection with this case see *United States ex rel. Giovengo v. Maroney,* 194 F. Supp. 154 (1961).

I think there is no power in the courts of quarter sessions and oyer and terminer to suspend a sentence without placing the defendant on probation for a definite period. The appellant was given a "suspended sentence" February 24, 1959, without being placed on probation. This order was vacated and sentence imposed January 18, 1963, nearly four years later. In my opinion this delay of nearly four years in the imposition of sentence puts the sentence beyond a reasonable time. See Judge WRIGHT's concurring opinion in *Com. ex rel. Konchick v. Ceraul,* 197 Pa. Superior Ct. 171, 177, 177 A. 2d 125 (1962) and his dissenting opinion in *Com. v. Giovengo,* supra, at page 228. Assuming that both the above cases were properly decided, in those cases there were reasons not here present for de-

ferring sentence. In my opinion the procedure followed here constitutes a violation of the spirit if not the letter of Art. 1, Sec. 9 of the Constitution of Pennsylvania.

WRIGHT and WATKINS, JJ., join in this dissent.