**Albert JAMES, Plaintiff,**

v.

**PHILADELPHIA COUNTY, PENNA.**

**Civ. A. No. 68-2786.**

United States District Court
E. D. Pennsylvania.

Feb. 13, 1969.

Albert James, in pro. per.

No appearance for defendant.

## MEMORANDUM AND ORDER.

DAVIS, District Judge.

In his civil rights complaint, 42 U.S.C. §§ 1983–1985, the plaintiff has set forth a rather entangled and somewhat inconsistent set of facts upon which he concludes that the defendants, all allegedly members of the Philadelphia Probation Department, conspired to deny him certain constitutional rights.

The essence of the allegation is that the named defendants prepared and enforced probation violation detainers against the plaintiff, for failure to pay a court-imposed fine, although the fine had thereafter been revoked by the trial judge.

 Before the Court is a motion to proceed *in forma pauperis*. 28 U.S.C. § 1915. Pursuant thereto, we are required to preliminarily ascertain whether the complaint is in any way meritorious. Pugliano v. Staziak, 231 F.Supp. 347 (W.D.Pa.1964), aff'd, 345 F.2d 797 (3rd Cir.1965); Ambrek v. Clark, 287 F.Supp. 208 (E.D.Pa.1968).

Although the plaintiff insists that the period of probation imposed in his first of three separate offenses was improperly revoked for failure to pay a fine, he has expressly admitted in his complaint that:

> \* \* \* on Oct. 21, 1968, plaintiff was told by Mr. Menna, plaintiff's probation officer that he must be held on a 48 hour hold, *as a result of his latest arrest.* (Emphasis supplied)

Thus, by his own admission, it was his second (of three offenses) which precipitated the issuance of a detainer for violation of parole. This procedure was in no way inconsistent with the Constitution, or with the laws of the Commonwealth of Pennsylvania. See 19 P.S. §

1051; Commonwealth v. Duff, 201 Pa. Super. 387, 192 A.2d 258 (1963).

Finally, the mere fact that on December 2, 1968, the original trial judge ordered that the original fine as imposed be revoked, does not retroactively render the earlier action of the probation department constitutionally invalid.

For the aforementioned reasons, the motion to proceed in forma pauperis is denied, it appearing that the action is without merit.

It is so ordered.